## Jenkins, Curator v. Bonds.

Where after obtaining an order allowing an appeal, the appellant fails to give bond or surety and abandons his appeal, he cannot afterwards renew it.  C. P. 594.

APPEAL from the District Court of Madison, *Selby*, J.   *A. Pierse*, for the appellant.   *Stockton* and *Steele*, for the defendant.   The judgment of the court was pronounced by

Eustis, C. J.   Judgment having been rendered in favor of the defendant and intervenor, against the plaintiff, the latter, by motion in open court, the defendant's counsel being present and assenting, took an appeal, returnable in February, 1847.   Neither bond nor security was filed, and this appeal was abandoned.   This motion was made in October, 1846, and in August, 1847, an appeal was allowed from the same judgment, as it is said, *adjudging the intervening party to be the owner of the land, &c.*, upon the plaintiff's giving security according to law.   The appeal bond under this order was given in favor of the defendant only, and not in favor of the party against whom the plaintiff undertook to appeal.

A motion has been made to dismiss this appeal.   So far as relates to the defendant, the appeal must be dismissed, on account of the failure to prosecute the original appeal.   *Dozer v. Sargent*, 4 La. 41.   Code of Practice, art. 594.   In relation to the intervening party, no appeal bond has been filed, in compliance with the order granting the appeal.

But the interests of the defendant and intervenor are identical, and the judgment in favor of the former is conclusive as to the rights of the latter, as the case stands in the plaintiff's own petition.                    *Appeal dismissed.*