### A. BROTHER, Syndic, *v.* THE BANK OF LOUISIANA.

The appellant will not be relieved from the penalty which attaches to his failure to file the record in the appellate court within the time prescribed by law, by showing that the neglect was attributable to the Clerks of the Supreme and District Courts, with whom his counsel had an arrangement for filing the records in cases in which those counsel were engaged.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Hunton* and *Bradford*, for plaintiff. *Pierce* and *Roselius*, for defendants and appellants.

VOORHIES, J. The appellee has moved to dismiss the appeal in this case, on the ground that the appellants did not file the copy of the record from the court below within the time fixed by the inferior Judge, or within the delay fixed by law, nor until the appellee had obtained from the clerk of this court the usual certificate and filed the same in the court below, to have execution on the judgment.

The appeal was granted on the 4th of January, 1853, was returnable on the first Monday of November following, and the transcript was not filed until the 22d November.

It is urged that the motion ought not to prevail, as the failure to file the transcript in due time was not imputable to the neglect and fault of the appellants. " That both the counsel of these appellants had a permanent agreement or understanding with the Clerks of the District and Supreme Courts, that the former should send all transcripts of appeals in which said counsel appear for the appellants, to the office of the Clerk of the Supreme Court, and the latter file all such records, without any special bond to secure the costs being furnished, said counsel being responsible for the payment of said costs ; that before the return of the appeal in this case, the Clerk of the Supreme Court applied to the Clerk of the Second District Court, in order to ascertain whether there were any transcript of appeals returnable on the first Monday of November, 1853, in which either of the counsel of the appellants were concerned, and examined all the transcripts handed to him by said Clerk, who stated, at the the same time, that he had no other transcripts in his office, returnable on the first Monday of November, 1853, and among the transcripts thus exhibited to the Clerk of the Supreme Court, that of the record in this case was omitted : in consequence of which omission said transcript was not filed, as otherwise it would have been on the return day thereof, &c."

BROTHER
*v.*
BANK OF LA.

It is not in our power to grant to the appellants the relief which they seek at our hands. The transcript may be filed within three days of the time allowed the appellants for appearance by the citation of appeal; but if prevented from doing so, by any event beyond his control, he may, before the expiration of three days, demand a further time to bring it up. When the transcript is not filed in due time, the production of the certificate of the Clerk of this court to that effect in the inferior court, entitles the appellee to an execution on the judgment, "which then becomes irrevocable." C. P. 589, 886, 883. The Act of 1839, in relation to appeals, is applicable only to cases arising from defect, error, or irregularity in the petition or order of appeal, or in the certificate of the Clerk or Judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error, or irregularity is not imputable to the appellant." In the case of *McDowell & Peck* v. *T. G. Read et al.* 5 An. 42, scarcely distinguishable from the present, the court said : "The absence of a seasonable filing, is at least *prima facie* evidence of neglect. And if the neglect was on the part of the Clerk of the District Court, he was in that matter the mere agent of the appellants, and his negligence is theirs. The preparation of the transcript pertained to his official functions ; his promise to file it in the Supreme Court was a mere personal matter between him and the appellants. See also 3 An. 246.

Appeal dismissed.