CALLARD
*v.*
MATTHEWS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## BRICKELL, et al., *v.* CONNER, et al.

*A party who obtains an order for a devolutive appeal and fails to furnish bond as required, and to file the transcript in the Appellate Court during the term at which the appeal was returnable, will be held to have abandoned his appeal, and should not be allowed to renew it at a subsequent term.*

APPEAL from the District Court of Tensas. *Perkins*, J.

*Shaw*, for plaintiffs. *J. & J. Henderson*, and *Farrar*, for defendants and appellants.

BUCHANAN, J. The appellees move to dismiss this appeal, on the ground that a previous appeal had been granted, to the same party who now appeals, on motion in open Court, at the October term, 1852, returnable to this Court on the second Monday of February, 1853, which appeal was subsequently abandoned by the appellant, she having given no bond as required by the order; and not having filed the transcript in the appellate Court at the February term, 1853.

In support of this motion, the appellees have referred to Article 594 of the Code of Practice, and to the cases of *Doyer* v. *Sargeant*, 4th La. 41, and *Jenkins* v. *Bonds*, 3d Annual, 339 ; in both which cases the Supreme Court dismissed an appeal taken after another appeal which had not been prosecuted. In the case of *Jenkins* v. *Bonds*, the circumstances were identical with those of the present case.

Appellant resists the rule upon the ground that the appeal taken by motion at the October term of the District Court had not been completed by the giving of a bond ; and quotes the language of the Court in *Gibson* v. *Silby*, 3d Annual, 630, which was a case of an order for a suspensive appeal, and no bond filed; but the party afterwards made application for a devolutive appeal, which was refused by the District Court. The Supreme Court said in that case, "The invalidity, or omission, of the party to furnish a bond and fulfil the condition precedent upon which a suspensive appeal was granted, did not preclude him from applying within the year for a devolutive appeal." It is sufficient for the purpose of harmonising the decision of *Jenkins* v. *Bonds*, with that of *Gibson*

v. *Silby*, to observe, that in the case at bar, the first as well as the second appeal of the defendant, was devolutive, and that the appellant having suffered the whole term of the Court at which the first appeal was returnable, to elapse without taking any steps towards consummating the same, must be held to have abandoned the appeal, within the spirit of the 594th Article of the Code of Practice, and should not have been allowed to renew it in the month of April following. *Roberts* v. *Benton*, 1 Rob. 100.

The counsel of appellant has pressed strongly upon our consideration that the right of appeal is a constitutional right, and that the current of decisions has been in case of doubt, to interpret the law liberally in favor of the appellant. 11 La. 382; 1 An. 407.

It is our desire no less than our duty to secure to every citizen the exercise of his legal and constitutional rights. But in the present case we are clear that the defendant had exhausted her right of appeal, under the rules of practice; and we are unable to perceive any equitable claim that she has to a relaxation of those rules in her favor. On the contrary, we have no reason to doubt that the appellee was in attendance upon this Court, at the February term of 1853, inasmuch as the motion for appeal under the Act of 1843, was a constructive citation. If so, the expense and time consumed in a journey of some hundreds of miles, were lost, through the laches of the appellant.

Appeal dismissed at cost of appellant.

---

Defendant's counsel, for a rehearing, argued :

The appellant, *Susan E. Conner*, with due respect, now prays this Court to grant her a rehearing upon the motion to dismiss this appeal.

This motion is based upon a point which, it is believed, has entirely escaped the attention of the Court. The point is this :

The first appeal taken was *utterly irregular*, and was *bound to have been dismissed on motion*. Because, this is a suit in which a *partition* is sought between the appellant and her four children, of a plantation and slaves, owned jointly by them.

The minor, *Louisa R. Conner*, having a joint and conflicting interest with the appellant, her mother, could not be represented in this suit by that mother, who is her natural tutrix ; but on the contrary, should have been represented by her under-tutor, or a special tutor. See C. C. 301, 1291 ; Succession of Story, 5 An. 208.

All the joint owners should have been made parties to the suit and to the appeal. C. C. 1252, 1230, 1231, 1234, 1246 ; C. P. 1024, 1025 ; 4 An. 56, *Willy* v. *Carter ; Farrar* v. *Newport*, 17 L. 348 ; *Kendrick* v. *Kendrick*, 19 L. 38 ; *Harrell* v. *Harrell*, 16 L. 374 ; *Traverso* v. *Rowe*, 10 L. 502.

This was not done. Transcript, pp. 5, 6, 9 and 19. When the motion for appeal was made in open Court (Trans. 21 and 22,) on 12th October, 1852, the minor, *Louisa, not being a party to the suit*, was not a *party to the appeal*, because the motion and order cited only those who were before the court. The first appeal was therefore *irregular*, and was bound to be dismissed. This Court has established the principle, " that where an appeal is irregular upon its face, the appellant may disregard it, and take another appeal, if the time for appealing has not elapsed. See *Rains* v. *Kemp*, 4 L. 319 ; *Bates* v. *Weathersby*, 2 An. 485.

Whose duty was it to see that proper parties were made to this suit ? Was it the duty of the one *seeking*, or the one *opposing* the partition ? Who shall be relieved from the effects of *this error* and *nullity ?* the one who committed, or the one who resisted it ? 4 An. 261.

The appellant, under the sanction of this well settled principle, disregarded the first appeal, because the *minor was not a party to it*, and took a new appeal *regularly*, and had all the parties in interest duly cited. The Court below considered the first order of appeal a nullity, and granted, without hesitation, the order for a new appeal, Transcript 24.

<div style="float:right">BRICKELL<br>v.<br>CONNER.</div>

The dismissal of this appeal, instead of *stopping litigation*, will only increase it; for the minor is bound to bring an action to annul the partition, upon the ground that *she was no party to it;* and this action will bring in its train more litigation and trouble, than could possibly flow from correcting the error at the beginning.

The Court would not be troubled with this application, were we not impressed with the conviction that this point has escaped its attention; and that it is only necessary to present it now, to afford the Court the pleasing opportunity (to quote its own language,) of gratifying its "desire," no less than discharging its "duty," in "securing" to this "citizen the exercise of her legal and constitutional rights."

The motion and order of appeal reads as follows, (Trans. pp. 21 and 22,) viz: "On motion of defendant's counsel, in open court, *in the presence of plaintiff's (Mrs. Brickle's) counsel,* it is ordered that defendant, *Mrs. S. E. Conner,* be granted a devolutive appeal from the above judgment rendered in this case, returnable into the Supreme Court of the State of Louisiana, sitting in the city of New Orleans, for the Eastern District of said State, on or before the second Monday of February, 1853, upon her executing bond with security in the sum of one hundred dollars, according to law; *"and that plaintiffs (Mrs. Brickle and husband,) appear then and there, to defend said appeal."*

The co-defendants *did not appear* by counsel.

This order *in terms,* makes only the *plaintiffs* parties to the appeal. The co-defendants are *not* cited. The *language of this order is too plain for comment.*

Rehearing refused.