### JOHN TARLTON v. JAMES N. WOFFORD.

Where a party obtains a suspensive appeal and fails to take it up, if there is nothing to show an inability on his part to perfect such appeal by giving the bond required, he will be held to have abandoned it, and cannot afterwards take a devolutive appeal.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies,* J. *A. L. Tucker* and *J. A. McClarty,* for plaintiff and appellant. *J. G. Olivier,* for defendant.

MERRICK, C. J. This action is one of boundary. The defendant has filed a motion to dismiss the appeal.

The judgment appealed from was rendered in April, 1859. At that term, the plaintiff obtained an order for a *suspensive* appeal, (on giving bond in the sum of $500,) returnable to the next term of the Supreme Court, viz, the term held in August, 1859. This appeal was never perfected. Subsequently, viz, in April, 1860, the plaintiff obtained the present, a devolutive appeal, on giving bond in the sum of $300.

The plaintiff alleges himself to be the owner of a plantation containing 1200 arpents of land on Bayou Bœuf, in the parish of St. Mary, and there is nothing in the record to lead us to suppose that the neglect to perfect the first appeal arose from inability to give bond for a suspensive appeal. The case is not, therefore, governed by the case of *Gibson* v. *Silby,* 2 An., 628, but is controlled by the case of *Collins* v. *Monticou,* 9 An. 39.

The plaintiff having abandoned his first appeal, the present must be dismissed.

It is, therefore, ordered by the court, that the appeal in this case be dismissed, at the cost of the appellant.