No. 3848.—DENNIS REDMOND *v.* B. L. MANN et al.

If a suspensive appeal has been dismissed because the appellant has failed to file the record in the appellate court within three judicial days after the return day, he can not afterward be allowed to take a devolutive appeal from the same judgment. 4 An. 30; 9 An. 39.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Ellis,* J. *T. & J. Ellis,* for plaintiff and appellee. *Race, Foster & E. T. Merrick,* for defendants and appellants.

LUDELING, C. J. A motion to dismiss this appeal has been made on the grounds, that having taken a suspensive appeal and having failed to file the record seasonably, the appellant can not take a devolutive appeal, after the dismissal of the first appeal.

The first appeal was dismissed, because the record was not filed, until more than three judicial days after the return day. The appellant contends, however, that inasmuch as the appeal was dismissed on motion of the appellee, it can not be said that the appellant abandoned his appeal, and therefore the right to a devolutive appeal may still be exercised. We can not assent to this proposition. "When a party fails to take the necessary steps to prosecute his appeal, he will be considered as having abandoned it, in the sense and meaning of article 594 of the Code of Practice, and will not be allowed to renew it." 1 R. 100. "When a suspensive appeal has been dismissed on account of the failure to file the record within three judicial days after the return day, the appellant can not afterward take a devolutive appeal from the same judgment." 4 An. 30, Ducannau *v.* Levistones, 3 An. 245 ; 4 La. 41 ; 9 An. 39.

It is therefore ordered that the appeal be dismissed with costs.

---

No. 3565.—LOYAU BERHIL *v.* G. G. FISK.

The district attorney of a district may, in case of refusal, be compelled by mandamus to bring a suit under the intrusion act to test the right to an office. State ex rel. Rills *v.* Lynch, 23 An. 786; Hayes *v.* Thompson, 21 An. 656.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey,* J. *J. C. Stafford* and *R. W. Knickerbocker,* for relators. *G. G. Fisk,* District Attorney, respondent.

LUDELING, C. J. The only question necessary to be decided in this case is, whether or not the district attorney can be compelled by mandamus to bring an action under the intrusion act. .

This is not now an open question. We held in Hayes *v.* Thompson, 21 An. 656. that the district attorney could be compelled by mandamus to bring the suit, and the same doctrine has been several times reaffirmed since. State ex rel. Rills *v.* B. L. Lynch, 23 An. 786.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.