Pierce vs. Cushing et al.

## No. 8277.

O. A. PIERCE, D. A. KENYON, ASSIGNEE, VS. W. L. CUSHING ET AL.

ON MOTION TO DISMISS.

When an appeal is dismissed on motion of the Appellee, on the ground that the Transcript was not filed within the legal delay, though the appellee did not himself bring up the record for the purpose of dismissal under Articles 588-590, C. P., the Appellant shall be considered as having abandoned his appeal and shall not be permitted afterwards to renew it.

APPEAL from the Sixth District Court for the parish of Orleans. *Rightor*, J.

### R. T. Posey for Appellee:

First—When the appellant has not filed the record within the time fixed in the order of appeal; nor within the three days of grace; nor within the further time allowed him by the Supreme Court—the appellee has a right to presume the appeal has been abandoned; and has the right also to demand its dismissal and rejection, and to conclude the appellant from a renewal of the appeal, if it appear from the transcript that citation of appellee was served on appellee. C. P. 590, 594; Bell vs. Williams, 3 L. 251; Pond vs. Horton, 7 L. 177; Copley vs. Routh, 3 An. 189; R. R. Co. vs. Hood, 3 An. 226; Dwight vs. McMillen, 4 An. 350; Palfrey vs. Winter, 8 L. 206; Dozer vs. Sargent, 4 L. 41; Ducournau vs. Levistones, 4 An. 30; Succession of Logan, 4 An. 279; Brickel vs. Connor, 10 An. 235; Redman vs. Mann, 24 An. 189; Martee vs. Edwards, 20 An. 236.

Second—It is sufficient if the transcript is before the court when the motion to dismiss is heard. It is the requisite proof of the abandonment meant by Art. 594 C. P., and is of no consequence whether it is brought up by the appellee or appellant or the clerk. Barbarin vs. Armstrong, 2 L. 209; Palfrey vs. Winter, 8 L. 206; R. R. Co. vs. Hood, 3 An. 227.

Third—In cases contemplated by Arts. 590 and 594 of the Code of Practice, where a dismissal of the appeal is demanded, the appellee makes the motion—and the qualifying statement of the court in Roberts vs. Benton, 1 R. 100, cannot apply to such cases. C. P. 590, 594; Redman vs. Mann, 24 An. 189.

Fourth—Appellee's right to dismiss the appeal in such cases is not affected by the act of appellant in filing the transcript after his order of appeal has lapsed by his neglect. His right to file his transcript had expired, and he is without position to claim a waiver by appellee, who demands the rejection of the appeal. Palfrey vs. Winter, 8 L. 206; R. R. Co. vs. Hood, 3 An. 226; D. Redmond vs. B. L. Mann et al., 23 An. 373.

Fifth—An order of extension is ineffectual to revive the right of appeal, lost by mere delay. 23 An. 373.

Sixth—When a former appeal has been dismissed on motion of appellee, on the ground that the appellant had failed to file his transcript before his order of appeal had lapsed, and had proved by the transcript that he had been cited, and the appeal had lapsed—appellant is concluded, and cannot renew the appeal. Should he obtain a new order, and bring up the transcript, such new appeal must be dismissed. C. P. 590, 595, and authorities under No. 1

### R. H. Marr for Appellant:

First—The actual abandonment of a suit, in the sense of R. C. C. Art. 3519, must be voluntary, intentiona, 13 La. 282; 11 Rob. 259; 7 An. 523; 8 An. 469; 10 An. 331; 24 How. 569; and, by analogy, the actual abandonment of an appeal must be voluntary and intentional.

Second—The appellee may cause the appeal to be considered in law as abandoned, so that it cannot be renewed, by proceeding in strict accordance with the requirements of C. P. 589,

590, 594, and not otherwise. O'Donald vs. Lobdell, 2 La. 300; 1 An. 417; 2 An. 390; 4 An. 534.

Third—The filing of the record by the appellant after the expiration of the legal delay, is an irregularity which may be waived by the appellee. O'Donald vs. Loddell, 2 La. 300.

Fourth—The failure to prosecute, or the abandonment of a first appeal, does not, *ipso facto,* preclude the right to a second appeal. 4 La. 318; 1 Rob. 71; 4 Rob. 259; 2 An. 485.

Fifth—The report in Dozer vs. Sargent, is defective and misleading, in that it does not show, as the truth is, that before the second appeal was demanded, the appellee had obtained the certificate of the clerk, and had filed it in the lower court. 4 La. 41; Record, No. 1757.

Sixth—Where the first appeal is dismissed, on motion of appellee, the appeal may be renewed at any time within the term prescribed by law. 11 La. 382; 1 Rob. 100; 15 An. 116; 29 An. 762; Barthe vs. Camors, No. 8108, decided 4th April, 1881, not reported.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

LEVY, J. The appellee moves to dismiss this appeal on the ground that a former appeal has been taken in this case and abandoned by the appellant.

It appears that, in July, 1880, on petition therefor, a devolutive appeal was granted to, and taken by, these appellants from the judgment signed on 20th April, 1880; that appeal No. 8064 was dismissed by this Court on the 4th of April, 1880, and on the 9th of April, 1881, within one year from the signing of the judgment, on another petition, the present appeal was taken.

The ground urged for the dismissal of the first appeal was, that the transcript had not been filed within the delay granted, and the Court sustained the motion to dismiss.

In the present motion, appellee urges "that said appeal No. 8064, having been dismissed on the grounds aforesaid (failure to file transcript within time), the appellants have no right in law to renew this appeal, as they are now attempting to do, but under Articles 590 and 594 of the Code of Practice, the first appeal was abandoned and appellants cannot renew the same and the judgment of the court *a qua* has become irrevocable."

Art. 594, C. P., is as follows: "From the moment when the citation of appeal is served on the appellee, the appellant cannot withdraw his appeal; and whether the appellee obtain the rejection of the appeal by producing the record from the court below, or prosecute execution on the judgment appealed from, on the certificate of the clerk that the record has not been brought up by the appellant, the appeal shall be considered as abandoned and the appellant shall not be afterwards allowed to renew it."

Art. 590, C. P.: "If the appellee prefers to have judgment on the appeal, he may obtain copy of the record from the lower court and bring it up to the appellate court, and may pray for judgment, or for the dis-

missal of the appeal, in the same manner as if the record had been brought up by the appellant."

The question for decision is: Was the dismissal of the appeal in No. 8064, for the reasons stated, such "obtaining the rejection thereof" as to operate an abandonment of said appeal?

Appellant holds, that as the actual abandonment of a suit must be voluntary, intentional, so, by analogy, the actual abandonment of an appeal must be voluntary and intentional; that, to cause an appeal to be considered in law as abandoned, so that it cannot be renewed, the appellee must proceed in strict accordance with the requirements of the Code of Practice on this subject, and not otherwise; that the filing of the record by the appellant after the expiration of the legal delay, is an irregularity which may be waived by the appellee; that the failure to prosecute, or the abandonment of a first appeal, does not, *ipso facto*, preclude the right to a second appeal, and that, where the first appeal is dismissed, on motion of appellee, the appeal may be renewed at any time within the term prescribed by law.

Appellee contends, that although the record was not brought up or filed by him, yet by reason of his motion to dismiss, it was before the court, at the time and for the purpose it was used, and it may, therefore, be said, he produced it, and relies in support of this proposition on the case of Palfrey vs. Winter, 8 L. 205, where the Court held: "It is true, the Code requires that the appellee who wishes to move for a dismissal of the appeal, in such cases, should bring up the transcript. In this case the transcript is already before us. The appellee was cited to appear in this Court on the third Monday of January, and the record was not brought here until the commencement of the succeeding term without any application to the Court for further time, or any cause shown; and we are of opinion that the appellee is not bound to answer." And in N. O. and Carrollton R. R. Co. vs. Hood, 3 An. 226: "The appellant has three judicial days after the return day within which to file the transcript. If he permit the delay to expire without filing it or obtaining further time for bringing it up, the appellee may himself bring up the record and insist, of right, on the dismissal of the appeal or he may claim the dismissal if the transcript be filed by the appellant, without permission, after the expiration of the delay." C. P. 588, 590. In 4 An. 30, it was held: "The Code of Practice is positive that, if the appellant does not file the transcript seasonably, the appeal shall be considered as abandoned, and the appellant shall not be afterwards allowed to renew it." C. P. 594. See, also, 20 An. 236; 22 An. 200, in which latter case it is said: "After the lapse of the time at which the first devolutive appeal was made returnable and the extension granted by this Court, there was evidently an abandonment of the appeal and the plaintiff, if alive, could

not legally get a second order of devolutive appeal and give a second appeal bond in the court below." 24 An. 149.

These authorities and the reasoning of the Court in support of them lead us to the conclusion that this case falls within the meaning and operation of Art. 594 of the Code of Practice, and sustain the grounds on which appellee bases his motion.

The appeal herein is dismissed with costs.

Rehearing refused.