No. 12,402.

MUTUAL LOAN AND BUILDING ASSOCIATION VS. FIRST AFRICAN BAPTIST CHURCH.

The failure to file a transcript within the time prescribed by law on an appeal regularly obtained and perfected, is equivalent to an abandonment of the same and warrants the dismissal of another and similar appeal subsequently obtained. 42 An. 475.

APPEAL from the Civil District Court for the Parish of Orleans. Théard, J.

Henry P. Dart and Benj. W. Kernon for Plaintiff, Appellee.

Albert Voorhies and H. J. Rhodes for Paul Chapman, Third Opponent and Appellant.

Submitted on briefs February 1, 1897.
Opinion handed down February 15, 1897.

The opinion of the court was delivered by

McENERY, J. This case was dismissed when before us at the last session. The transcript was not brought up on the return day, but before the expiration of the three days grace allowed by law an extension of time was granted within which to file the transcript. It was not filed within the time allowed by the extension. The appeal was, therefore, abandoned. Building and Loan Association vs.

Church, 49 An. 1458.   The failure to file the transcript within the time prescribed by law is deemed an abandonment of the appeal, and a prohibition for a second appeal.   The failure to file the transcript is the act of the appellant, and is equivalent to an abandonment of the same, and warrants the dismissal of another similar appeal subsequently obtained.   Succession of Llula, 42 An. 475; Bienvenu vs. Factors and Traders Bank, 33 An. 210; Lausade vs. Maury, 31 An. 858; Ducournau vs. Levistones, 4 An. 30; Collins vs. Monticou, 9 An. 39; C. P. 594.

The appellant contends that having filed the transcript in the first appeal, the dismissal of the appeal does not deprive him of the right to a second appeal.   But his transcript was filed too late—after the return day, and it was as though no appeal had been taken, and that it had been abandoned.   Articles 587 *et seq.*, C. P.

The cases cited by appellant in support of his contention are all based on the case of Smith *et al.* vs. Vanhille, 11 La. 380.   In that case it was held when the appellant had neglected to give a sufficient bond, or omitted any formality required by law, the appellee has the right to demand the dismissal of the appeal, but within the year the appellant can take a second appeal.

There is a marked difference between the failure to file the transcript in the time prescribed by law, and the irregularities noticed in the case referred to, and in the cases reported in 15 An. 116 (Dugas vs. Truxillo) ; 29 An. 702 (Succession of White).

The appellant having abandoned the appeal by not filing the transcript in time, and the fault being imputed to him, the appeal is dismissed.