### No. 13,316.

GERMANIA SAVINGS BANK OF NEW ORLEANS vs. JOSEPH E. MULLER.

#### SYLLABUS.

When the holder of five negotiable mortgage notes, two matured and three unmatured, takes out executory process, and a sale is made of the property, for fifty-four hundred dollars, eighteen hundred dollars cash, and the balance on credit, to correspond with the maturities of the notes, a judgment rejecting a third opposition, claiming priority of payment upon a claim of twenty-eight hundred dollars, is not appealable to the Supreme Court.

APPEAL from the Civil District Court, Parish of Orleans. *Theard, J.*

*Buck, Walshe & Buck* for Plaintiff, Appellee.

*A. E. Blackmar* for Intervenor, Appellant.

### On Motion to Dismiss.

The opinion of the court was delivered by

NICHOLLS, C. J.   The plaintiff and appellee has moved to dismiss this appeal on the ground that the Supreme Court has no jurisdiction *ratione materiae* as appears by the face of the record, the amount involved being less than the lower limit of the court.

The plaintiff in this suit, alleging that it was the holder and owner for value of five certain promissory notes made by the defendant to his own order and by him endorsed and dated New Orleans, August 3rd, 1896, each for the sum of twelve hundred dollars, payable, respectively, in one, two, three, four and five years, and that payment of said notes was secured by certain described property in the city of New Orleans; that two of said notes, one of which was subject to a credit of one hundred and fifty dollars, were past due, and the others would fall due at the periods stated; that all of said notes were unpaid, save to the extent stated; that payment of the notes had been refused notwithstanding amicable demand; prayed that a writ of seizure and sale issue to the sheriff of Orleans directing him to seize, advertise and sell the said mortgaged property; the said sale to be on terms of the assumption by the purchaser of the three unmatured notes and the balance of the price cash.

An order of seizure and sale issued as prayed for.   The property was seized, advertised, and sold.

The cash portion of the price (eighteen hundred dollars) was paid into the hands of the sheriff, and a deed made to the purchaser.   Prior to this sale, Joseph Muller, as natural tutor of his minor children and administrator of the succession of his deceased wife, Marie Landry Muller, with leave of court, filed in the matter of the executory proceedings a petition of intervention in which, after reciting the proceedings and the advertised sale of the property, he averred that upon the sale thereof the proceeds would go into the hands of the Civil Sheriff; that the property was of the community between Joseph Muller and his deceased wife, Marie Landry Muller, who died on the 31st of December, 1898, leaving minor children, issue of the marriage with her said husband; that there were debts due by the community, which was then in process of administration in the Civil District Court; that all of the property owned by Muller belonged to the com-

munity; that all the movables belonging to the community had been sold under orders of court for the sum of nine hundred and twenty-two dollars; that there were debts due and owing by the said succession and community which had a privilege and preference over the mortgage claim of the plaintiff, which privileged claim amounted to the sum of twenty-eight hundred and forty-nine dollars, as shown by an itemized statement which was annexed; that intervenor and administrator and natural tutor was entitled to have the proceeds of the sale to be made by the sheriff held in his hands until his claim in intervention should be passed upon by the court; and that he was entitled to have paid the said sum over to him by the Civil Sheriff out of the proceeds of said sale of the real estate by preference and priority over the plaintiff; that he had, in law, a right to appear in court as natural tutor of his children, and did so appear for the purpose of protecting their interests to the extent of the minors' claim of one thousand dollars for the minors' homestead.

He prayed that the plaintiff and the sheriff be cited; that in due course there be judgment in his favor against the plaintiff and the sheriff; and it be ordered that the proceeds of the real estate to be sold be held by the Civil Sheriff until further order of court; and the said sum be paid over to intervenor as administrator and tutor by priority and preference over the plaintiff.

The plaintiff excepted that intervenor was without right or capacity to intervene, and that his petition disclosed no cause of action.

Intervenor, after the sale of the real estate, filed a supplemental petition in which he averred that at the sale thereof the sum realized did not amount to or equal the amount of the privileged claims, and that there was then in the hands of the Civil Sheriff as the cash portion of the said sale a sum less than said amount, and that intervenor was entitled to have an order issued to the sheriff to retain the cash portion realized in his hands until the court could pass upon his intervention.

He prayed that he have judgment against the plaintiff and the sheriff, and each of them, ordering that the proceeds of the sale of the real estate be held by the Civil Sheriff until further order of the court, and that the sum of $2,849 be paid over to intervenor by priority and preference over the claim of the plaintiff and for general relief.

Plaintiff, under benefit of his exceptions, answered. After pleading the general issue it denied that the debts claimed to be due and owing in the itemized statement had any claim or standing to be paid out of the proceeds of the real estate sold under its mortgage; that should it be otherwise, the same were not due and owing, and if owing at all they were excessive.

The intervenor obtained a rule on the plaintiff and the Civil Sheriff to show cause why the sheriff should not retain in his hands the sum previously ordered to be retained until the succession of Marie Landry Muller should have had presented the final account of the intervening administrator and judgment rendered upon the various items of said account in the succession proceedings.

This rule was taken on a suggestion by the intervenor, that the proper practice would be to refer the question of the amounts and sums due and to be allowed to the various items set out in the intervention to the mortuary proceedings entitled Succession of Marie Landry Muller, for the reason that the court should not properly fix and determine the exact amount due and owing of privileged claims by said succession, and for the further reason that the administrator could not file his account as administrator until he had constructive possession of the funds.

After hearing, the court dismissed this rule and the intervenor appealed.

The case went to trial upon the intervention, and the court rendered judgment dismissing the same and the intervenor appealed.

### OPINION.

The only question before this court is as to its jurisdiction as affected by the matter in dispute or amount involved.

Had the notes held by the plaintiff been all due when this proceeding was instituted, and he had caused executory process to issue thereon, the whole amount of the purchaser's bid of fifty-four hundred dollars would have gone into the sheriff's hands, and intervenor's third opposition based upon the asserted priority of the claims he contends he has the authority to represent collectively to an amount of over twenty-eight hundred dollars, might have presented an issue for determination by the District Court appealable to the Supreme Court.

But only two of the five notes held by plaintiff had then matured, and in consequence of that fact he was forced, under the law, to pray

for a sale partly for cash and partly on credit to correspond with the maturities of the notes.

The adjudication of the property brought the cash portion of the bid into the hands of the sheriff, in the present suit, under the writ placed in his hands, for disposal according to law under orders of court.

The credit portion of the bid, however, consisting simply of an obligation on the part of the purchaser, did not come under the control of the sheriff or of the court in this case. When a deed was signed by the sheriff the purchaser had no longer any connection with the suit.

His obligations were to be enforced thereafter not by supplemental proceedings as a continuation of those inaugurated by the executory process, but, if necessary, by a new and independent action. He is not a party to the present litigation and no judgment rendered in this controversy could reach to or affect him.

Independently of this, the mortgage debt assumed by the purchaser secures the payment of negotiable notes, and it is impossible to know in whose hands those notes will be at the date of their maturities.

The effect of any decree rendered by us herein could not reach beyond the fund in the hands of the sheriff for distribution.

The intervention and third opposition was predicated upon the funds to pass into his hands under the writ.

Intervenor does not contest the validity or amount of plaintiff's claim, but simply asserts a priority of payment out of the fund produced by its enforcement.

The District Court was simply called on to declare the principle of law applicable to the distribution of the particular assets under its jurisdiction.

It could go no further, and this case is kept within the same limit.

We are of the opinion that this court has no jurisdiction in the matter of this appeal, and it is therefore dismissed.