(57 South. 899.)

No. 18,877.

COX et al. v. HOPE SHINGLE & LUMBER CO.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 805*) — FAILURE TO FILE TRANSCRIPT—ABANDONMENT OF APPEAL.

Where an order for a devolutive appeal fixes the return day, and the appellant files the proper bond, but thereafter fails to file the transcript within the required time, his failure to do so will constitute an abandonment of the appeal, and thereafter no other appeal will be allowed.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 3174, 3175; Dec.Dig. § 805.*]

Appeal from Second Judicial District Court, Parish of Webster; R. C. Drew, Judge.

Action by Thomas L. and Mary A. Cox against the Hope Shingle & Lumber Company. Judgment for defendant, and plaintiffs appeal. Dismissed.

Thomas W. Robertson, for appellants. Thigpen & Herold, for appellee.

### On Motion to Dismiss.

BREAUX, C. J. The motion filed by appellee to dismiss this appeal was presented on the ground stated, in substance, as follows:

A devolutive appeal was taken from the judgment on May 6, 1910, returnable on June 20th of the same year, and a devolutive appeal bond for the sum of $150, as fixed in the order of appeal, was filed in the lower court, under the order, on the 6th day of May, 1910, thereby divesting the district court of further jurisdiction.

Plaintiffs and appellants failed and neglected to file the transcript in this court as provided in the order of appeal, and appellee's contention is that such a failure constituted an abandonment of the appeal.

Thereafter, on the 11th day of April, 1911, the plaintiffs and appellants secured an order for a devolutive appeal to this court, under which the transcript was filed in this court on May 15, 1911.

Unquestionably the first appeal was abandoned. Nothing else can be inferred as to this appeal than that the appellants failed to avail themselves of the order granted. They are given sufficient time to take this appeal and to furnish bond. In case of necessity, they can easily obtain further time within which to bring up the transcript. Failing in this, it can well be considered as an abandonment of the appeal. There seems to be distinction made when an appeal is brought here and filed. If it is one actually and completely brought within the jurisdiction of this court, although there may be some defect in the manner of taking the appeal, or in the transcript, it will not be deemed necessary cause to dismiss the appeal, but, if an appellant chooses not to complete his appeal at all, if he does not see to the making of a transcript after having furnished the appeal bond, his failure in this respect has been considered cause sufficient to dismiss. One cannot treat the courts with absolute indifference and neglect, and at the same time he heard to urge that he is still in time to take a second devolutive appeal.

In Exposition Co. v. Crescent City R. R. Co., 39 La. Ann. 355, 1 South. 791, a similar question was decided. The appellant failed to bring up a transcript, and have it filed. On motion of appellee, the second appeal was dismissed because of appellant's failure to file a transcript.

This is the language of the court on the subject:

"There is a motion to dismiss the appeal substantially on the ground that, the first appeal having been dismissed because not filed in time, the appeal must be considered as abandoned, and the second appeal was not entertained."

This case presents no distinguishing features from those in Pierce v. Cushing, 33 La. Ann. 810, and Sterling v. Sterling, 35 La. Ann. 840. After a thorough review of this point, the court held substantially as before stated by us.

In the Case of Hymel, 116 La. 43, 40 South. 525, the recited grounds were similar on the point involved. The court did not decide it, but dismissed the appeal on another issue equally as fatal to an appeal.

In Pierce v. Cushing et al., 33 La. Ann. 810, and Sterling v. Sterling, 35 La. Ann. 840, which are cited in State v. Treasurer of Debenture Co., 52 La. Ann. 553, 27 South. 87, it was decided that an appeal should be dismissed if not filed in time. While not entirely similar to the present case, the text and the decisions cited throw light upon the subject here.

So far as research extends (and we have endeavored to make it thorough), failure to file is abandonment of the appeal. Code of Practice, art. 587.

There remains the one alternative—dismissal.

We have, none the less, dwelt upon some of the issues of the merits, and have no objection to state that an error on the merits would have to be unusually manifest in order to sustain an appellate court in reversing an appeal, when, as in this case, the judgment of the court a qua in personal injury suit is against plaintiff, and the appellant does not appear in the appeal either personally or by counsel.

Returning to the grounds stated on the motion to dismiss, the appeal is dismissed, at appellant's costs.