(73 South. 719)

No. 21957.

KIRKLAND v. EDENBORN.

(Dec. 11, 1916. Rehearing Denied Jan. 15, 1917.)

*(Syllabus by the Court.)*

1. CONTRACTS ⬤⟿93(1)—MISTAKE—PENDENCY OF APPEAL—FILING TRANSCRIPT.

An alleged error as to the pendency of his own appeal in the Supreme Court cannot be urged by a defendant and appellant, who abandoned his appeal by his failure or neglect to file a transcript of the proceedings below in the Supreme Court within legal delays.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 415; Dec. Dig. ⬤⟿93(1).]

2. APPEAL AND ERROR ⬤⟿619—FILING TRANSCRIPT—DUTY OF COURT.

It is no part of the duties of clerks of district courts to file transcripts of appeal in the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2721, 2722; Dec. Dig. ⬤⟿ 619.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Daniel L. Kirkland against William Edenborn. From judgment for plaintiff, defendant appeals. Affirmed.

Foster, Milling, Saal & Milling, of New Orleans, Wise, Randolph, Rendall & Freyer, of Shreveport, and Grisham & Oglesby, of Winnfield, for appellant. Julius T. Long, of Winnfield, and Charles J. Rivet, of New Orleans, for appellee.

LAND, J. Plaintiff sued the defendant for $3,196.60, with legal interest thereon from April 22, 1915, until paid, for causes and reasons, in substance, as follows:

That the defendant brought suit in the district court for the parish of Winn against the plaintiff, claiming the ownership of all the pine timber over 10 inches in diameter, situated on certain tracts of land in said parish.

That judgment was rendered in said suit on December 16, 1913, in favor of the defendant, Kirkland, and on the same day plaintiff, Edenborn, obtained orders for suspensive and devolutive appeals, made returnable to the Supreme Court of Louisiana on February 2, 1914, and on December 20, 1913, the plaintiff, Edenborn, perfected his suspensive appeal by furnishing bond in the sum of $3,500, with good and sufficient sureties.

That on May 20, 1914, the said Edenborn and Kirkland entered into a written contract, which, after reciting the pendency of the suit of Edenborn v. Kirkland in the Supreme Court, 136 La. 1020, 68 South. 111, stipulated as follows:

"Now the said parties without prejudice to the rights asserted by them in said litigation, agree that the said William Edenborn shall cut, fell and remove said timber furnishing the said Kirkland with the daily log scale of the timber so cut and hauled to mill and in the event said Kirkland is declared by final judgment in said suit to be the owner of said timber said William Edenborn shall become liable to him, and shall pay him for said timber at the rate of three dollars per thousand feet log scale and in the event said William Edenborn is declared to be the owner of said timber the said Kirkland shall receive nothing therefor.

"It being the intention and agreement of the parties hereto that the said timber may be so cut and removed without prejudice to their rights as may be determined by final judgment in said suit."

That on or about January 1, 1914, the said Kirkland entered into an oral agreement with the said Edenborn, represented by his agent, Frank Young, in the sum and substance the same as the subsequent written agreement, as above set forth.

That said Edenborn, through his agents

and servants, in compliance with said agreements, cut and removed from said land, 1,-065,538 feet of pine timber over 10 inches in diameter, worth more than the contract price of $3 per thousand feet.

That the said Edenborn failed to file a transcript of appeal in the Supreme Court, and the said Kirkland knew nothing of such failure until some time in the month of November, 1914.

That on December 8, 1914, the said Kirkland notified the said Edenborn that the transcript had not been filed in the Supreme Court, and demanded, in writing, payment for his timber which had been cut up to that time, and subsequently made similar demands, to all of which said Edenborn paid no attention.

In the alternative, the plaintiff claimed the sum of $4,262.21, the real market value of the timber cut and removed from the premises by the defendant herein.

The answer pleaded that the contract referred to in petition was made by the defendant in error of fact, to wit; that he believed that the clerk of the district court for the parish of Winn had performed his duty and had lodged the transcript of appeal in the Supreme Court, and that the defendant was laboring under this error of fact, which induced him to enter into said agreement with said Kirkland, and that, had he not been under such error, he would not have entered into said agreement and agreed to pay $3 per thousand for said timber, which was not worth that price.

The answer further averred the purchase of said timber by the defendant from the Louisiana Central Lumber Company, under a warranty covenant, in case of eviction, of reimbursement at the rate of $3 per thousand feet of pine timber, and called said lumber company in warranty.

The call was allowed by the court, but the order was rescinded, and the call dismissed on motion of the plaintiff's counsel, based on the ground that such a call is not permissible in a personal action on a contract between the plaintiff and the defendant, to which the warrantor is no party.

The case was tried on its merits, and in due course a judgment was rendered in favor of the plaintiff for $3,065.52, with legal interest from judicial demand, and for costs, reserving plaintiff's right of action to recover timber cut since March, 1915.

Defendant prosecuted a suspensive appeal from said judgment.

[2] Plaintiff has answered the appeal, praying that the judgment in his favor be increased in the additional sum of $60.93 for 20,311 feet, of timber cut and removed during the months of April, May, and June, 1915, and in the alternative prays for judgment on a quantum valebant for $3,554.64.

It is the duty of the appellant to file the transcript in the Supreme Court within the time prescribed by law. C. P. arts. 883, 884.

If the transcript be not filed, the appeal will be dismissed, although the clerk of the court a qua had promised to file it in the Supreme Court.

In such case the clerk is the agent of the appellant. See A. Brother, Syndic, v. Bank of Louisiana, 10 La. Ann. 147, citing McDowell v. Read, 5 La. Ann. 42.

These authorities dispose of defendant's contention that it was the official duty of the clerk of the district court to file the transcript of appeal in the Supreme Court.

[1] Hence the plea of error in defendant's answer, being based on an error of law, cannot avail him. Defendant was bound to know that he had not filed the transcript of appeal in the Supreme Court, and the evidence does not show that he had any reason to believe that the transcript had been filed by the clerk of the court when the contract in question was made on May 20, 1914.

We may add that the alleged error of the

defendant was not as to the object of the agreement (that is, the timber) but as to its value, considering the litigation supposed to be pending. Such error was not one of fact, but of judgment. Bank v. James, 26 La. Ann. 266.

Under the stipulation of that contract, the defendant was bound to furnish the plaintiff with a daily scale of the logs delivered, and to pay for the same at the rate of $3 per thousand feet.

There was no appeal from the separate judgment dismissing the call in warranty.

The defendant is bound by the terms of the contract of May 20, 1914.

The third objection of appellant is that the judgment appealed from is contrary to the law and evidence in both amount and price.

The defendant's counsel in their brief admit a total cutting of 1,044,564 feet of timber, of which 28,950 feet were cut in January, 1914, at $2.75 per thousand, under a verbal contract.

The next deduction is for 20,311 feet cut in April, May, and June, 1915, the same reserved in the judgment below. The last deduction is for rotten and red heart, 41,506 feet.

The last item was rejected by the trial judge because, in his opinion, the evidence showed that in the process of scaling deductions for rot and red heart had been made.

As the daily scale provided for in the contract was intended as a basis for payment for the logs delivered, it may be fairly presumed that all proper deductions for rot and red heart were made and deducted as the logs were scaled.

On the theory that the reports made to the plaintiff included rot and red heart, no settlement of price was possible, unless we assume that the defendant, under the contract, was bound to pay to the plaintiff $3 per thousand for all logs delivered, regardless of rot or red heart.

140 LA.—22

After a careful consideration of the evidence, we see no good reason for reversing or amending the judgment below, which appears to have done justice between the parties.

Judgment affirmed, at the cost of the defendant and appellant.