ROONEY v. CHECKER CAB COMPANY

----

(February 1, 1926. Opinion and Decree.)
(March 1, 1926. Rehearing Refused.)
(May 4, 1926. Writ of Certiorari and Review Denied by the Supreme Court.)

----

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 483.**

An appellant who applies for and obtains an order allowing suspensive and de-

volutive appeals and completes the appeal by filing a bond for a suspensive appeal abandons his appeal if he does not file the transcript in the appellate court on or before the return day, and may not thereafter prosecute a second appeal granted by subsequent order.

Appeal from Civil District Court, Parish of Orleans, No. 156,208, Division "B". Hon. M. M. Boatner, Judge.

Action by John F. Rooney against Checker Cab Company.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

B. W. Kernan and M. A. Woodruff, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

BELL, J. Judgment was rendered against defendant on July 10, 1925; suspensive and devolutive appeals were granted on' motion filed July 20, 1925, and the appeal was completed on the same day by filing a bond in the sum of $1900.00, being an amount sufficient for suspensive appeal.

The appeal was returnable to this court on August 17, 1925, and on August 17, 1925, an order was obtained from this court, under Docket No. 10,226, extending the return day to October 15, 1925.

The transcript of appeal was not filed in the clerk's office of this court on or before the extended return day, and on November 5, 1925, a certificate to that effect was presented to the District Court, and, on motion, an order of that court was entered recognizing appellee's right to prosecute execution on the judgment appealed from.

Thereafter, on November 16, 1925, appellant obtained an order granting a devolutive appeal, returnable to this court on December 14, 1925.

On December 16, 1925, appellee filed motion in this court to dismiss the present appeal on the ground that appellant had abandoned the appeal taken, and could not thereafter prosecute another appeal.

Under the record facts above noted, there can be no doubt that the motion to dismiss the appeal should be maintained.

Article 594 of the Code of Practice provides:

"From the moment when the citation of appeal is served on the appellee, the appellant cannot withdraw his appeal; and whether the appellee obtain the rejection of the appeal by producing the record from the court below, or prosecute execution on the judgment appealed from, on the certificate of the clerk that the record has not been brought up by the appellant, the appeal shall be considered as abandoned, and the appellant shall not be afterwards allowed to renew it."

Where a suspensive and devolutive appeal is completed by the filing of bond, failure to file the transcript in the appellate court on the return day is an abandonment of appeal and appellant may not thereafter prosecute a second appeal under another order of appeal subsequently

granted. This rule of procedure is of long standing, and has been consistently observed in the following cases:

Mutual Loan & Building Assn. vs. First African Baptist Church, 49 La. Ann. 880, 21 South. 517.

Laussade vs. Maury, et al., 31 La. Ann. 858.

Sterling vs. Sterling, 35 La. Ann 840.
Hymel vs. I. C. Rd. Co, 116 La. 42, 40 South. 525.

Brooks vs. Smith, 120 La. 454, 45 South. 388.

Girod vs. Monroe Brick Co., 127 La. 328, 53 South. 582.

Cox, et al., vs. Hope Shingle & Lumber Co., 130 La. 231, 57 South. 899.

Edenborn vs. Kirkland, 136 La. 1020, 68 South. 111.

Tolchinsky vs. Succn. of Lirette, 148 La. 1072, 88 South. 458.

Opelousas Bk. vs. Fontenot, 1 La. App. 195.

The motion to dismiss the appeal herein taken under the Docket No. 10,351 of this court is maintained and the appeal is accordingly dismissed.