RICHARDSON v. HENDERSON SUGAR REFINERY CO.

―――

(December 12, 1927. Opinion and Decree.)

―――

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 518, 520, 535.**
Where a suspensive appeal has been dismissed because appellant knowingly filed an incomplete transcript and failed thereafter to complete the transcript within an extension of time granted by the court for that purpose and failed to ask for a further extension of time, his appeal will be considered abandoned and a devolutive appeal, though ·prosecuted within the year, must be dismissed.

Appeal from Civil District Court, Division "E". Hon. Wm. H. Byrnes, Judge.

Action by Edward Richardson against Henderson Sugar Refinery Company.

There was judgment for defendant and plaintiff appealed.

Appeal dismissed.

Stanley McDermott, of New Orleans, attorney for plaintiff, appellant.

John May and W. H. Norman, of New Orleans, attorneys for defendant, appellee.

ON MOTION TO DISMISS DEVOLUTIVE APPEAL

WESTERFIELD, J. Appellee moves to dismiss this devolutive appeal upon the ground that a second appeal, though within a year from the signing of the judgment, can not be prosecuted when appellant abandons his first appeal which was suspensive.

The first appeal alluded to was dismissed by this court because appellant knowingly filed an incomplete transcript, and failed to complete same within the extension of time granted by the court, and failed to ask for a further extension of time. See this title, Richardson vs. Henderson Sugar Ref. Co., 5 La. App. 663.

The issue presented by this motion involves the construction of Art. 594, C. P., which reads:

"ART. 594. NO WITHDRAWAL OF APPEAL EXCEPT BY CONSENT—RENEWAL OF APPEAL. From the moment when the citation of appeal is served on the appellee, the appellant can not withdraw his appeal; and whether the appellee obtain the rejection of the appeal by producing the record from the court below, or prosecute execution on the judgment appealed from, on the certificate of the clerk that the record has not been brought up by the appellant, the appeal shall be considered as abandoned, and the appellant shall not be afterward allowed to renew it."

The jurisprudence is overwhelming to the effect that under circumstances prevailing here the appeal must be considered abandoned. Ducournan vs. Lenstone, 4th La. Ann. 30; Collins vs. Monlicou, 9 La. Ann. 39; Laussade vs. Maury, 31 La. Ann. 858.

In Girod vs. Monroe Brick Co., 127 La. 328, 53 So. 582, the court said:

"Defendant (appellee) moves to dismiss the appeal herein on the ground that a previous appeal from the same judgment, having been dismissed because appellant failed to lodge the transcript in this court within the delay allowed by law, no subsequent appeal can. be allowed. The facts being as stated ··(Girod vs. Monroe Brick Co., 126 La. 300, 52 South. 550) the motion must be sustained.

"When an appeal is dismissed for failure of the appellant to file the transcript in time, it is considered abandoned and cannot afterwards be renewed. Brooks, et al., vs. Smith, et al., 120 La. 454, 45 So. 388, and authorities there cited."

The appeal must be and it is hereby dismissed.