## GAZZO v. BISSO FERRY CO., Inc., et al.
### No. 16681.

Court of Appeal of Louisiana. Orleans.
May 3, 1937.

A. J. O'Keefe, Jr., of New Orleans, for appellant.

Gordon Boswell, of New Orleans, for mover, Bisso Ferry Co.

JANVIER, Judge.

This matter comes before us on motion to dismiss a devolutive appeal on the ground that the transcript of appeal was filed too late. The judgment appealed from was signed on November 9, 1936. The motion for appeal was filed on March 1, 1937, and, in the order granting the appeal, the return day was fixed as March 25, 1937. The record—no extension of time having been obtained—was filed in this court on April 9, 1937, long after the expiration of the time allowed by law.

Appellant objects to the dismissal on two grounds.

She maintains that the failure to file the transcript in time resulted from no fault on her part, or on the part of her attorney, but was due to the fact that "it has been the custom for the transcript clerk, in preparing the transcript, to notify the attorney when same was ready for filing" and that "counsel for appellant received no notice and the laches ensuing and resulting in said transcript having been lodged in this honorable court at an overdue date was from no fault or delay of appellant."

She objects to the dismissal on the additional ground that since there yet remains some portion of the year following the day on which the judgment was signed, she might, if this appeal is dismissed, immediately again apply for a devolutive appeal, and that, therefore, "it would be an idle formality to dismiss the appeal and have appellant go through the same formalities in lodging a new appeal devolutively from the court below."

Where an appeal is taken to this court or to the Supreme Court from a judgment of a district court, it is the duty of the appellant and not of the clerk, nor of any of his deputies, to see to it that the record of appeal is lodged in the appellate court within the time provided by law:

"The appellant must return the said petition of appeal and the transcript of the proceedings into the court of appeal." Code Prac. art. 587. See, also, Code Prac. arts. 883, 884.

In Cann v. Ruston State Bank, 155 La. 283, 99 So. 221, the Supreme Court said, "the law is . * * * clear that it is the

duty of the appellant to file the transcript in this court."

In Kirkland v. Edenborn, 140 La. 669, 73 So. 719, 720, the court repeated almost the identical language.

The case of Vinyard v. Stassi, 152 So. 161, in which the Court of Appeal for the First Circuit held that the "clerk of district court of parish from which appeal is taken, and not appellant, has duty to transmit record to clerk of Court of Appeal" (syllabus), is not in conflict because there is a special statute which requires that in appeals to the Court of Appeal for the First Circuit the record shall be transmitted by the clerk of the district court. In that case the court said:

"Act No. 89 of 1914 is a special statute and applies to the First Circuit. This act makes it the duty of clerks of the district courts throughout the circuit to transmit the records of cases, appealed to the Court of Appeal, to the clerk of the district court at Baton Rouge."

■ Appellant gives, as a reason for failing to file the transcript, the reliance of her counsel upon a custom which she alleges had been established by the transcript clerk of the district court. If such a custom had been established, still the failure of the transcript clerk to comply with his customary course of conduct is chargeable to the appellant herself, for, as the Supreme Court said in Cann v. Ruston State Bank, supra:

"Since it is the duty of the appellant to file the transcript here, it follows that if he intrusts the transmission of it to another for filing, the one to whom it is intrusted becomes the agent of the appellant for the purpose of transmitting it, and if the agent selected is negligent in discharging the duty assumed, the negligence is imputable to the appellant."

In fact, in that case the court held that reliance upon even a promise of the clerk to actually attend to the filing of the record in the appellate court is not sufficient to relieve the appellant of the absolute duty of seeing that it is so filed. The court said:

"Thus, it has been held, where the clerk of the trial court promised to attend to the filing of the record in this court, that the clerk for that purpose became the agent of the appellant, and that the latter was chargeable with the fault of the clerk in failing seasonably to transmit the record for filing. Brother Syndic v. Bank of Louisiana, 10 La.Ann. 147; McDowell and Peck v. Read, 5 La.Ann. 42."

The same question was presented in Kirkland v. Edenborn, supra, in which the court said:

"If the transcript be not filed, the appeal will be dismissed, although the clerk of the court a qua had promised to file it in the Supreme Court.

"In such case the clerk is the agent of the appellant. See A. Brother, Syndic, v. Bank of Louisiana, 10 La.Ann. 147, citing McDowell v. Read, 5 La.Ann. 42."

It thus follows that the delay in filing the transcript was chargeable to appellant, who was not prevented "by any event not under his control" (Code Prac. art. 883), and from this it also follows that the failure to lodge the transcript within the time permitted by law must be construed as an abandonment of the appeal.

"The Code of Practice is positive that if the appellant does not file the transcript seasonably, the appeal shall be considered as abandoned, and the appellant shall not be afterwards allowed to renew it. Code Prac. art. 594." Ducournau et al. v. Levistones, 4 La.Ann. 30.

"The rule is settled beyond controversy that, where the appellant perfects his appeal, and fails to file the transcript on or before the return day, or within the three days of grace following the return day, he is conclusively presumed to have abandoned the appeal; and this conclusive presumption can only be avoided by timely (i. e., previous) application to the appellate court for an extension of the return day. And in such cases the motion to dismiss can be made at any time after the filing of the transcript. Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Whitney-Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co., 146 La. 572, 83 So. 834." Jacobs et al. v. Weaver & Rivers, 167 La. 59, 118 So. 692.

■ But appellant contends that it would serve no useful purpose to dismiss this appeal, since, so she avers, she may immediately apply for another devolutive appeal. If so, and for reasons which we shall hereinafter set forth, we have more than a passing doubt as to her right to another appeal. The fact that she may apply for one does not authorize us to maintain this one, which, under the well-settled doctrine, she must be considered as having abandoned.

In Levy v. Levy et al., 52 La.Ann. 1920, 28 So. 246, the Supreme Court refused to yield to a similar argument. There the unsuccessful litigant in the district court had secured an order for a "suspensive or a devolutive appeal" and, having filed a bond for the suspensive appeal, had not lodged the transcript in the circuit court until it was too late to do so. In resisting an effort to dismiss the appeal, the appellant argued that since there yet remained some part of the year within which a devolutive appeal might have been taken, the suspensive appeal should not be dismissed, but should be treated as devolutive. The court said that the appeal taken had not been perfected in time and must be considered as having been abandoned and that the motion to dismiss concerned only the appeal which had been taken. Referring to the possibility of another appeal, the court said:

"Assuming that the appellant elected to perfect the suspensive appeal, it was that appeal which should have been filed in this court on the fourth Monday in November, 1899, and it is that appeal alone with which we have to deal. What his rights may be with respect to some other appeal, for which he may or may not apply, is a question which is not now before us."

Where an appeal, either devolutive or suspensive, has been abandoned actively or constructively, we cannot see how the right remains to take another appeal of any kind and it has many times been said that no matter what kind of appeal it is which has been abandoned no other appeal may be taken. Laussade v. Maury, 31 La.Ann. 858; Brickell v. Conner, 10 La.Ann. 235; Jenkins v. Bonds, 3 La.Ann. 339; Bienvenu v. Factors, etc., Ins. Co., 33 La.Ann. 209; Brooks v. Smith, 120 La. 454, 45 So. 388; Abraham v. Wallenberg, 130 La. 1096, 58 So. 895; Mutual Loan, etc., Ass'n v. First African Baptist Church, 49 La.Ann. 880, 21 So. 517; Cox v. Hope Shingle, etc., Co., 130 La. 231, 57 So. 899; Hymel v. Illinois Central R. R. Co., 116 La. 42, 40 So. 525, 526; New Iberia Nat. Bank v. Lyons, 164 La. 1017, 115 So. 130; Richardson v. Henderson Sugar Ref. Co., 7 La. App. 273. In Hymel v. Illinois Central R. R. Co., supra, the appellant, having failed to perfect a suspensive appeal, moved for a devolutive appeal, which was granted. The Supreme Court, on motion, dismissed the appeal, holding that the appellant "was not warranted in asking, nor the district court in granting, a second order of appeal." The question was thoroughly considered in the cases cited and in all it was held that after dismissal, because of abandonment, of an appeal, though there yet remains time within which a devolutive appeal might have been taken, the second appeal does not lie.

In Pierce v. Cushing et al., 33 La.Ann. 809, the contention of appellant was "that the failure to prosecute, or the abandonment of a first appeal, does not, ipso facto, preclude the right to a second appeal, and that, where the first appeal is dismissed, on motion of appellee, the appeal may be renewed at any time within the term prescribed by law." The Supreme Court reaffirmed the rule which it had followed several times, quoting what it had previously said in Redmond v. Mann et al., 24 La.Ann. 149, as follows:

"'After the lapse of the time at which the first devolutive appeal was made returnable and the extension granted by this Court, there was evidently an abandonment of the appeal and the plaintiff, if alive, could not legally get a second order of devolutive appeal and give a second appeal bond in the court below.'"

The contention was also considered in Sterling v. Heirs of Sterling, 35 La.Ann. 840, in which the Supreme Court stated that the right of appeal should be maintained wherever it is possible to do so, but nevertheless found that it could not do otherwise than dismiss the appeal and said:

"We have carefully and anxiously reviewed the decisions bearing on the question, to ascertain if we could find any ground upon which this appeal could be maintained against the adverse motion.

"We had occasion to examine the jurisprudence on this subject in a late case, that of Pierce v. Cushing, 33 La.Ann. [809], 810, a case almost exactly parallel to the instant one. There were two successive appeals in that case. The first filed after the return day and dismissed. The motion to dismiss the second appeal was, in substance:

"'That the first appeal having been dismissed, for failure to file the transcript in time, the appellants had no right in law to renew appeals; that the first appeal was abandoned and could not be renewed.'

"In that case, as in this, it was urged, that where an appeal is dismissed on the motion of the appellee, the appellant can

take another appeal within the year allowed for a devolutive appeal.

"If the question were a new one, we would hesitate about dismissing an appeal, because of what is termed in the decisions a constructive abandonment of the appeal, but the question is not a new one, and our decision in the case of Pierce v. Cushing was based on a long line of precedents, referred to in the opinion therein delivered.

"Among the cases cited was that of Ducournau v. Levistones, 4 La.Ann. 30, in which this language is used by the Court:

" 'The Code of Practice is positive that if the appellant does not file the transcript seasonably, the appeal shall be considered as abandoned, and the appellant shall not be afterwards allowed to renew it.'

"And in Brickell v. Conner, 10 La.Ann. 235, it was held:

" 'That a party who obtains an order for a devolutive appeal, and fails to furnish bond, as required, and to file the transcript in appellate court during the term at which the appeal was returnable, will be held to have abandoned his appeal and will not be allowed to renew it.' And again, in the case of Redmond v. Mann, 24 La.Ann. 149, it was said:

" 'If a suspensive appeal has been dismissed because the appellant has failed to file the record within three judicial days after the return day, he cannot afterwards be allowed to take a devolutive appeal from the same judgment.' See, also, Collins v. Monticou, 9 La.Ann. 39; Tarlton v. Wofford, 15 La.Ann. 592."

The rule in recent years has several times been followed, as is evidenced by the following statement made by the Supreme Court in Re Gem Company, Inc., 173 La. 934, 139 So. 11, 12:

"It is the settled jurisprudence of this state that, when an appeal has been abandoned, appellants cannot thereafter, in the absence of changed conditions, be permitted to renew it. Bienvenu v. Insurance Co., 33 La.Ann. 209; Pierce v. Cushing, 33 La.Ann. 809; Sterling v. Sterling, 35 La.Ann. [840], 841; World's Industrial & Cotton Centennial Exposition v. Railroad Co., 39 La.Ann. 355, 1 So. 791; Succession of Llula, 42 La.Ann. 475, 7 So. 585; Loan & Bldg. Association v. Church, 49 La.Ann. 880, 21 So. 517; Braud v. Huth, 154 La. 1054, 98 So. 664; Terry Const. Co. v. James K. Sutherlin Co., 145 La. [397], 398, 82 So. 384; Cox v. Hope, etc., Co., 130 La. 231, 57 So. 899; Board of

Com'rs of Fifth Louisiana Levee Dist. v. Land & Timber Co., 132 La. 911, 61 So. 868; Mundy v. Phillips, 157 La. [445], 450, 102 So. 519."

We conclude that it was the duty of the appellant to lodge the transcript; that her failure to do so within the time permitted by law must be construed as an abandonment; that she, as justification for her delay, may not rely upon the fact that she depended upon some one else, and also conclude that the question of whether another appeal may be taken, though well settled by the jurisprudence of this state, is not before us at this time.

The motion to dismiss the appeal is sustained, and, accordingly, it is ordered that the appeal be and it is dismissed at the cost of appellant.

Appeal dismissed.