## COMMISSIONERS OF THE EXCHANGE AND BANKING COMPANY OF NEW ORLEANS *v.* YORKE et al.

A decision of a court of the first instance on an incidental question, not presented by the pleadings, will not be examined on appeal, unless the evidence on which the court acted is stated in a bill of exceptions, or referred to as making a part of it

The effect of the answers of a garnishee is to throw the burthen of disproving them on the other party.

When an agent makes a purchase for himself which he was bound to make for his principal, the latter may, if he choose, take the purchase, and the agent will be bound to account to him for it; but this principle cannot prevent an agent from purchasing a judgment against his principal, though to the detriment of the creditors of the latter.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Carter* and *Bradford*, for the appellant. *L. Peirce* and *Micou*, contrâ. The judgment of the court was pronounced by

EUSTIS, C. J. These cases have already been before us on appeals taken by *Henry Florance*; they were remanded for further proceedings, in December, 1847, and January, 1848, and will be found reported in 2d and 3d Annual, pp. 995, 155. In the District Court the cases were consolidated and tried together. Judgment was rendered against *Florance*, by which his traverse to the answer of *Hanna*, garnishee, as well as his third opposition, in which he claimed priority of payment out of a certain fund in the hands of the sheriff of the parish of Orleans, were both dismissed at his costs. *Florance* has again appealed. Several bills of exception have been taken to the decisions of the district judge on points raised on the trial of the cause.

The first is to the order of the District Court consolidating these causes. When they were before us on the first appeal they were in such a condition that the ordinary rules of proceeding could not be applied to them, and their consolidation was one step towards restoring them to that order which is necessary to their proper termination. The bill of exceptions to this proceeding is without any ground whatever.

A second bill of exceptions was taken to the decision of the district judge refusing the appellant a continuance. It appears that, on the 13th November, 1848, the day before the cause was fixed for trial, on the motion of the counsel of *Florance*, it was ordered that *Hanna* produce in court, on the trial, the letters received by him from the defendant *Yorke*, and his correspondence with *Yorke* referred to in his answers to the interrogatories propounded to him as garnishee. The return of the sheriff showed that *Hanna* was absent from the city, and there was consequently no service of the rule; and *Florance* thereupon applied for a continuance.

The district judge refused the continuance because the only correspondence which had taken place between *Yorke* and *Hanna*, according to the answers of

the latter to interrogatories, was a letter from the latter to the former inform- <span>EXCHANGE AND</span>
ing him of the purchase of certain judgments, which it did not appear was in <span>BANKING COM-</span>
<span>PANY</span>
Hanna's possession. The judge did not think that the party in his call for pa- <span>v.</span>
pers, had complied with article 473 of the Code of Practice, which provides <span>YORKE.</span>
that the order of court to produce papers or documents on the trial of a cause
must describe such papers or documents. In this opinion of the district judge
we concur.

It has been contended in argument that the district judge ought to have
granted the appellant a continuance on account of the absence of a witness, on
the affidavit of the party as to his materiality, &c. It is conceded that the con-
tinuance was applied and refused, but no bill of exceptions was taken to the
decision of the court. We concur with the counsel for the appellee, as to the
rule of practice which prevails in this court. We can only review the opinion
of the judge when we have his decision before us with the grounds on which
it is based, except where the question decided is presented by the pleadings.
We have never examined the decision of a court of the first instance on any
incidental question raised, without having the evidence on which the court acted
stated in a bill of exceptions or referred to as making part of it. Such we
take to be the only safe rule in reviewing such decisions in an appellate court.

A bill of exceptions was also taken to the admission in evidence of the
answers of the garnishee Hanna, which had been traversed, and on which
issue was thereby made. As the whole case is before us, we shall only consi-
der the effect of those answers in the garnishment, that is as to the matters set
up in the answers of the garnishee. The effect of these answers was to throw
the burthen of disproving them on the appellant, which he has, in our opinion,
failed in doing. It, therefore, remains to be considered, what the appellant's
right is, on the evidence as presented on his third opposition to the distribution
of the funds in the hands of the sheriff of the parish of Orleans.

Hanna, it appears, had purchased a judgment against Yorke. Florance also
bought one, which was recorded subsequently to that purchased by Hanna. On
execution on Hanna's judgment a certain sum was made, which is now in the
hands of the sheriff. Florance filed his third opposition claiming precedence
on this sum by virtue of his judgment and execution which had been issued,
on the ground that Hanna had bought the judgment for the benefit of Yorke'
the debtor, and that it is consequently satisfied in law, and that the proceeds of
the property sold fell to him as holding the next judgment and execution. Han-
na filed a general denial to this opposition, and on this issue evidence on both
sides was adduced.

We think it proved by the testimony of one of Florance's own witnesses
that the judgments purchased by Hanna at the sale of the effects of the Ex-
change and Banking Company, were bought by him with means obtained on his
own credit exclusively, and that by the purchase the judgments became his and
not Yorke's, and were consequently not extinguished thereby.

Yorke was an absconding debtor, and had left with Hanna, who was his
brother-in-law, a general power of attorney. He had attempted to compro-
mise with Yorke's creditors, and had remitted money received on his account
to him for his support. It is contended by the counsel for the appellant that,
holding this power of attorney, he, the agent, could not buy a judgment against
his principal to the detriment of Yorke's creditors. We do not understand the
doctrine on which this argument is produced to be extended beyond the well
recognized principle that, when an agent makes a purchase for himself, which

he was bound to make for his principal, it rests with the principal, if he chooses, to take the purchase, and the agent is bound to account to him for it. It was optional with *Yorke* to take this purchase made by *Hanna*, if the agency continued at the time of making it; but he was undoubtedly bound to re-emburse *Hanna* the price which he paid for it. But the object of *Florance* is to make the money made under execution directly available to his execution as the property of *Yorke*, the defendant, subject to seizure. Whatever suspicions there are about these transactions, and there is certainly much ground for them, the evidence does not authorize us in subjecting this fund to the execution of the appellant. There is nothing shown to have transpired on the part of *Yorke* indicating his intention or wish to have the benefit of the judgments, nor on the part of *Hanna* to hold them for his benefit. On the issue made between these parties, we see no reason for reversing the judgment of the District Court.

*Judgment affirmed.*