## No. 1087.

### Mrs. E. A. Sterling vs. The Heirs of John F. Sterling. Cobb & Gunby, Intervenors.

Where an appellant fails to file the transcript on the return day, or within the legal delays thereafter, and his appeal is dismissed because such failure is imputed to his fault, he cannot renew his appeal thereafter.

The failure to seasonably file the record, without legal excuse, is considered as an abandonment of the appeal.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*D. C. Morgan* for Intervenors and Appellants.

*F. P. Stubbs* for Defendant and Appellee.

---

### On Motion to Dismiss.

The opinion of the Court was delivered by

Todd, J. This motion is to the following effect: that an appeal was taken to this Court returnable on the 2d Monday of June, 1882; that

the transcript was not filed on said return day, or within the legal delays thereafter, owing to the laches of the appellants, and that said appeal was on motion dismissed by decree rendered at said previous term of this Court, and that appellants could not take and prosecute another appeal, the present one.

By reference to the minutes of the proceedings of this Court at its last term at this place, it appears that the 2d Monday of the term fell on the 12th of June, which was the return day for appeals from the Parish of Ouachita, but that the transcript was not filed till the 17th of the month. It was held in the opinion dismissing the appeal, that the failure to file the transcript in time was attributable to the fault of the appellants, and for this reason the appeal was dismissed.

We have carefully and anxiously reviewed the decisions bearing on the question, to ascertain if we could find any ground upon which this appeal could be maintained against the adverse motion.

We had occasion to examine the jurisprudence on the subject in a late case, that of Pierce vs. Cushing, 33 An. 810, a case almost exactly parallel to the instant one. There were two successive appeals in that case. The first filed after the return day and dismissed. The motion to dismiss the second appeal was, in substance:

" That the first appeal having been dismissed, for failure to file the transcript in time, the appellants had no right in law to renew appeal; that the first appeal was abandoned and could not be renewed."

In that case, as in this, it was urged, that where an appeal is dismissed on the motion of the appellee, the appellant can take another appeal within the year allowed for a devolutive appeal.

If the question were a new one, we would hesitate about dismissing an appeal, because of what is termed in the decisions a constructive abandonment of the appeal, but the question is not a new one, and our decision in the case of Pierce vs. Cushing was based on a long line of precedents, referred to in the opinion therein delivered.

Among the cases cited was that of Ducournau vs. Levistones, 4 An. 30, in which this language is used by the Court:

" The Code of Practice is positive that if the appellant does not file the transcript seasonably, the appeal shall be considered as abandoned, and the appellant shall not be afterwards allowed to renew it."

And in Brickell vs. Conner, 10 An. 235, it was held:

" That a party who obtains an order for a devolutive appeal, and fails to furnish bond, as required, and to file the transcript in appellate court during the term at which the appeal was returnable, will be

held to have abandoned his appeal and will not be allowed to renew it."
And again, in the case of Redmond vs. Mann, 29 An. 149, it was
said :

" If a suspensive appeal has been dismissed because the appellant
has failed to file the record within three judicial days after the return
day, he cannot afterwards be allowed to take a devolutive appeal from
the same judgment." See also, 9 An. 39 ; 15 An. 592.

We have attentively examined the decisions referred to by the ap-
pellants' counsel, and find none of them to militate against the author-
ity of the ones which we have cited above and on which our action
in the case of Pierce vs. Cushing was predicated. They all, with one ex-
ception, refer to cases where the first appeal was dismissed for defects
in the appeal bond, and would, therefore, come under our ruling
in the case of York vs. Hoover, recently decided by this Court, and not
reported, that an appellant was debarred from a second appeal when
the first appeal was seasonably filed, but was dismissed for defects in
the transcript.

For these reasons the motion must prevail, and the appeal is, there-
fore, dismissed at the cost of the appellants.