## No. 13,339.

## O. R. MOSS vs. DAVID REIMS.

### SYLLABUS.

1. *Citation of Appellee.* When an appeal has been taken, and security given as required by the court, the appellee shall be cited to appear before the Court of Appeals to answer at the next term of the appellate court, if there be sufficient time for doing so after allowing the same delay which is granted to defendants in ordinary suits.

2. *Appeal Returnable at the Next Term After Bond Filed, if Delay be Not Obtained.* The order of appeal was granted and the required bond furnished, but the transcript of appeal was not filed at the next term of the appellate court after the bond had been furnished and no delay was applied for within which to bring up the appeal.

On the grounds urged by appellee, the appeal was dismissed in the case of Coudroy vs. Pecot, 51st Ann., 495.

APPEAL from the Third Justice's Court, Parish of Calcasieu. *Wasey, J.*

---

*A. R. Mitchell* for Plaintiff, Appellant.

---

*E. D. Miller* for Defendant, Appellee.

---

The opinion of the court was delivered by

BREAUX, J.   Defendant was sued before the Third Ward Justice Court, for the parish of Calcasieu, by O. R. Moss, cattle inspector for that parish, for three and 16-100 dollars ($3.16), with interest from judicial demand, for inspecting stock as per bill before that court.

Before the lower court, the defendant alleged the illegality and unconstitutionality of the ordinance on the different grounds set out in the answer.

On the fourteenth day of November, 1898, a judgment was rendered by the justice of the peace in favor of the defendant. Notice of judgment was served on the plaintiff on the same day the judgment was rendered.

At a date the record does not disclose, plaintiff applied for a suspensive appeal to the Supreme Court which was granted, the amount of the appeal bond being fixed at thirty dollars ($30).

On the seventeenth day of November, 1898, plaintiff filed his bond for a suspensive appeal. The transcript of appeal was filed in the clerk's office of the Supreme Court on November 11th, 1899. The appeals from the Parish of Calcasieu are returnable to the Supreme Court on the second Mondays of January, April and November, as determined by statute 69 of 1894.

## ON MOTION TO DISMISS THE APPEAL.

The defendant and appellee moves to dismiss the appeal on the following grounds, viz: There is no order of appeal; the Supreme Court has held several sessions at which appeals from the Parish of Calcasieu were returnable since the illegal order of appeal was granted.

Although we did find the date of the order of appeal in the record, it is evident that it was entered prior to the 17th day of November, 1898, or if not on that date, that it was entered prior to the time the bond was filed. We have noticed that the bond for an appeal bears that date. There is only one order of appeal copied in the record.

Under the law, the case was returnable to the Supreme Court at the January term of 1899. The appeal had been completed as relates to the order of appeal and the bond, in the month of November preceding. It was necessarily returnable to the Supreme Court at the first session after the order of appeal had been granted and the bond furnished. In all cases, the judge of the court shall make the order of appeal returnable at the next term. After the term, the order of appeal had served its purpose and no other appeal could be taken therefrom, especially as a bond had previously been furnished. In the case of Coudroy vs. Pecot, 51st Ann., 495, similar grounds for dismissal were considered and decided against the appeal. A motion to dismiss was granted.

In the case before us for decision, appellant had no right, after having furnished his appeal bond in accordance with the order of appeal,

to let the term pass without filing the transcript, and then file it and proceed with the prosecution of the appeal as if no term had been held. This would be in conflict with the law requiring the appeal to be made returnable at the first session of the court after it had been granted, if there is time within which to cite the appellee and complete the transcript. There is no question as to the sufficiency or insufficiency of the time within which to cite the appellee or to prepare the transcript before the court.

Of course an appellant has twelve months within which to take a devolutive appeal, but this does not secure a right to delay the filing of the transcript after the bond of appeal has been filed, if no order permitting delay has been obtained. If an appeal is taken after several terms of the Supreme Court have been held within the twelve months after the date of the judgment, appellant must obtain an order of appeal and not attempt to take up and complete an appeal under an order that has lapsed.

The appeal is dismissed at appellant's costs.