Hake vs. Lee et al.

## No. 13,354.

HENRY P. HAKE VS. S. R. LEE AND W. C. BEALE.

### SYLLABUS.

#### ON MOTION TO DISMISS.

Although on other grounds and for special reasons sustained by the record, the court did not dismiss the appeal, none the less it held that a motion to dismiss the appeal is still in time, though filed more than three days after the return day of the appeal. It appeared, however, that while the three days had elapsed within which to return the appeal, the Supreme Court had, upon sufficient showing and for cause, extended the return day (prior to the lapsing of the time) to a date within which the transcript was filed.

#### ON THE MERITS.

Plaintiff was entitled to an injunction on the ground that he had taken a suspensive appeal from the judgment dissolving the injunction with the view of compelling the defendants to let the matters in the litigation remain in *statu quo* until the decision of the issues on appeal.

The injunction is given full force and effect until the decision on appeal.

APPEAL from the Fourth Judicial District, Parish of Grant— Machen, J.

R. J. Bowman for Plaintiff, Appellant.

William C. Roberts for Defendant, Appellee.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

BREAUX, J. Plaintiff addressed a petition to the District Court for an appeal. On this petition the judge of the District Court granted him an appeal returnable to the Supreme Court on the second Monday of November, 1899. This appeal was granted in conformity with the decree of this court rendered in proceedings on *mandamus*, instituted to compel the respondent judge to grant him an appeal. State *ex rel.* Hake vs. Judge, 52 Ann. 103. The order of appeal was dated in December, 1899, but the return day of the appeal was fixed for the preceding November, the order being granted *nunc pro tunc.*

The transcript of appeal was filed in the office of the clerk of the Supreme Court on the second day of February, 1900. On the eighth day of February, defendant filed a motion to dismiss the appeal, on the ground that the plaintiff had failed to file a transcript of appeal at the date that the appeal was made returnable.

Appellant, in the first place, insists that the motion to dismiss the appeal was filed too late, as it was filed more than three days after the filing of the transcript. This defense, to prevent dismissal of an appeal, was urged in Dwight vs. McMillan, 4th Ann. 350. The court did not sustain it, but, on the contrary, the court held that a motion to dismiss on the ground that the transcript was not filed in time, was still in time, although made more than three days after the filing of the record. Regarding the appellee, the court said that he could not be held to constant vigilance after the legal delay has passed in watching, day by day, the docket, to see at what time the tardy appellant will file his appeal. A similar motion to dismiss the appeal was again considered in McDonough vs. DeGruys, 10th Ann. 75, and again the appeal was dismissed. Recently, in Coudroy vs. Pecot, 51st Ann. 495, this court reiterated that the prior ruling was correct, and said: "The first return day having passed without the filing of the transcript, appellee was not called upon to be in court upon any subsequent return day for the parish, to ascertain whether the transcript would be filed, and if so, at what time." But plaintiff urges further, in support of his appeal, that he obtained an extension of time. From the foregoing statement it is evident that plaintiff could only retain his right of appeal by obtaining an extension within which to file his appeal, which he has obtained.

On the 22nd of November, 1899, he filed an application for an extension to the second Monday in January, 1900, which was granted on the day following, for reasons sustained by plaintiff's oath, which the court deemed sufficient. On the second Monday in January, 1900, he applied for another extension, and as that was a legal holiday, the order granting the time asked for was entered on the ninth of January, extending the time to the fifth of February. We have noted that the transcript was filed on the third day of February. This was amply in time, and, therefore, the appeal will not be dismissed. It was necessary to grant the delays applied for, otherwise it would be useless to sue out a *mandamus* to compel the judge of the District Court to sign an order of appeal. The time within which to complete the appeal

nearly always elapses before final decision. *Ex necessitate rei* there must be an extension granted. The motion to dismiss the appeal is denied.

### ON THE MERITS.

Plaintiff seeks to enjoin defendants from cutting timber on lands claimed by him in the suit of Hake vs. Lee and Beale, filed in August, 1898. The ground for the second injunction is that there is another injunction in another suit which was filed in October, 1898, and which is pending before the court, and which defendants illegally insist upon disregarding and violating. The purpose of the second injunction is to protect the first. In the first motion filed to dissolve the injunction, the defendants alleged that plaintiffs had no cause of action, and in the second motion to dissolve, defendants denied that there was a pending injunction, as alleged by plaintiff in his second petition for an injunction to be sued out to enforce the first. The first injunction is not before us for decision on this appeal.

The defendants especially averred that the first injunction had been dissolved on bond and that the appeal taken from the order permitting the defendant to dissolve, on furnishing bond, was devolutive and not suspensive. On the trial of this second injunction, now before us for decision, plaintiff offered in evidence the record in the first suit for an injunction including defendant's application to dissolve on bond, and the judgment rendered on that application permitting defendants to dissolve on bond. Plaintiff also offered his appeal bond, completing his appeal from the order or judgment permitting the defendants to bond the first injunction. Evidence was also heard regarding the value of the property and the fee of the attorney.

The judge of the District Court held that no suspensive appeal had been taken by plaintiff, Hake, from the order permitting the defendants to dissolve on bond; that, in acquiescing plaintiff was without right to sue out a second injunction "on the ground that he had taken a suspensive appeal from the judgment dissolving the original injunction" and, thereupon, he dissolved the injunction and condemned the plaintiffs in injunction to pay fifty dollars as attorney's fees.

The questions now before us were considered at some length in State *ex rel.* Hake vs. Judge, 52nd Ann. 103. The decision in that case prohibited the judge *a quo* from giving effect, pending the appeal, to his

order dissolving relator's injunction on bond. The court found that which the district judge failed to find, viz: that plaintiff had taken a suspensive appeal. It follows that the injunction taken out for the purpose of enforcing the suspensive appeal, and compelling the defendants to obey the first injunction, until a final decision on appeal, should not have been dissolved. The theory upon which it, the second injunction, was dissolved, was entirely erroneous. In view of the error, it only remains for us to annul and set aside the judgment in this case. This will have the effect of reinstating the injunction. It follows that the judgment which was rendered by the District Court in favor of defendants for fifty dollars attorney's fees must also be annulled.

In the decision cited *supra,* the court said, in substance, that the questions before the court in this litigation, were whether an owner in indivision, may be restrained by injunction by his co-owner from cutting timber on the common property without the co-owner having the right to dissolve on a bond, for the reason that the act enjoined was in the nature of a trespass; that where one is claiming ownership, and it being a *bona fide* suit to vindicate his title, the defendant should let matters remain in *statu quo* until final decision.

Both these questions will receive consideration in the case numbered 13,433, as they are not before us to be decided in this case. Motion to dissolve on bond was made in the case just cited, and not in the one here. It was in that case that the appeal was taken to set aside the order permitting defendants to bond the injunction. As to this case, the injunction cannot have any more effect than a suspensive appeal. It must have force until the first injunction to which plaintiff has taken a suspensive appeal shall have been finally decided. After the decision, it will have served the purpose for which it was obtained. Plaintiff asks for an amount for attorney's fees for taking out an injunction. Such an amount is allowed only in exceptional cases to plaintiffs in injunction suits. The issues here, in our view, do not call for the damage claimed to meet the fee of the attorney.

It is therefore adjudged, ordered and decreed that the judgment appealed from be annulled, avoided, and reversed, that defendants' claim for attorney's fees be rejected, and that the injunction remain in full force until the final decision in case No. 13,433, now pending before this court on appeal. The defendants must pay the costs of both courts.

Rehearing refused.