TERM OF 1900-1901. 241

State ex rel. Ludham and Burnham vs. Judge ad hoc.

No. 13,725.

STATE EX REL. LUDHAM & BURNHAM VS. DAVID TODD, JUDGE AD HOC.

SYLLABUS.

1. Justices of the Peace, after granting an appeal and receiving an appeal bond from an appellant, should issue a citation to the appellee, directing him to oppear before the appellate Court within three days after service of the citation, if he reside in the place, or allowing one day more for every ten miles between the place of renderind the judgment and that of the appellee's residence. (C. P. 1134.)

2. The record should be transmitted by the Justice in time to be filed, in the appellate court, not later than the time fixed for the appearance of the appellee therein, or at furthest within three judicial days thereafter. It not so filed, the appeal will be dismissed. (C. P. 1135.)

O N APPLICATION for Writs of *Certiorari* and Prohibition.

*Andrew Thorpe* and *Thomas H. Thorpe,* for Relators.

Respondent Judge *pro se.*

*Broussard, Dulaney & Dunbar* for Mr. and Mrs. R. J. Ross, Respondents.

The opinion of the court was delivered by

NICHOLLS, C. J. A certified copy of the record referred to in the pleadings was, on application of relators, ordered to be sent to this court, and the respondents directed to show cause why the writ of prohibition prayed for should not issue.

This order issued on allegations that relators were plaintiffs in the First Justice's Court of the parish of Iberia, in the suit entitled Ludham & Burnham vs. Mrs. R. J. Ross and Husband; that said suit was filed on the sixth day of July, 1899, and was upon a claim for seventy-one dollars and seventy-one cents for work done and material supplied for the repair of a building; that on the 22nd of July, 1899, an answer was filed by defendants; on January 2nd, 1900, judgment was entered

for plaintiffs for seventy-one dollars and seventy-one cents, with recognition of privilege for work done and material supplied; January 6th, 1900, notices of judgment were served on the defendants; January 17th, 1900, a *fieri facias* was issued and the property seized under the writ was sold by the constable; September 15th, 1900, defendants moved for a devolutive appeal and an order was given granting the appeal, returnable to the Nineteenth Judicial District Court, Iberia parish, "at its regular session"; September 25th, 1900, an appeal bond was filed; September 27th, 1900, citations of appeal were issued and served on relators commanding them to appear in the District Court and answer the appeal, "within three days after the convening of said court at its next regular term, to begin on the first day of October, 1900"; October 23rd, 1900, the transcript of appeal was filed in the District Court; same day Honorable T. D. Foster, District Judge, recused himself and appointed David Todd, Esq., judge *ad hoc,* who qualified as such; same day, on motion of appellants, the case was set for trial for the 20th of November, 1900, with reservation to appellees of the right to file any preliminary pleas prior to November 10th, 1900; October 30th, 1900, appellees filed a motion to dismiss the appeal upon the grounds: First, that the transcript was filed too late, and second, that appellants had acquiesced in the judgment; November 2nd, 1900, the judge *ad hoc* overruled the motion to dismiss the appeal.

That the appellants did not apply for or obtain an extension of the time in which to file the said transcript beyond the day fixed in the order and citation of appeal; that the regular term of said District Court occurring after the granting of said appeal began on the 24th day of September; that twenty-two days elapsed between the date on which the citation of appeal commanded the appellees to appear in said court and answer thereto and the date on which said transcript was filed in said court, and during said time no extension of time was applied for or obtained for the filing of said transcript.

That by the failure of the appellants to file the transcript of appeal within three days after the beginning of the term of court, on September 24th, 1900, or at most, within three days after the first day of October, 1900, the date of the term fixed in the citations of appeal, the appeal was abandoned and the judgment became final, and that the District Court was without jurisdiction to proceed further in said cause.

That the said David Todd, Esq., judge *ad hoc,* and the said Mrs. Ross

and Husband, defendants in said judgment, are about to proceed and will proceed illegally and to the prejudice and injury to the rights of relators to try said appeal unless restrained and prevented by the order and inhibition of this honorable court, that said proceedings will be nullities, and for such illegal action relators are without remedy by appeal.

In the answer to the rule the judge averred that the record sent up showed that after the judgment in the Justice of the Peace Court against the defendants in the suit aforesaid (on January 2nd, 1900), that an appeal was taken to the District Court on the 15th September, 1900. Bond was furnished on the 25th of the same month and there was citation of appeal served on appellees on the 27th of September, 1900.

The appeal was filed in the District Court on the 23rd of October, 1900. Respondent was then appointed judge *ad hoc* to try the case, as the presiding judge had recused himself.

There was a motion to dismiss the appeal made by the appellees on the ground that the same had not been filed in time in the upper court. This motion was overruled by respondent.

In thus ruling respondent claims to have exercised a discretion vested in the court by the law governing return of appeals from the Justice of the Peace Courts.

The only law directory to Justices of the Peace in the matter of returning appeals declares "The Justices of the Peace shall also transmit without delay to the office of the appellate court an exact copy, certified by him," etc. C. P. 1135.

Respondent, in the exercise of a reasonable discretion decided to entertain the appeal, and overruled the motion to dismiss. There was no other authority in law for the guidance of the court, and the appeal appearing to have been sent up and filed in the appellate court within a month from the date of the citation of appeal, the delay of the Justice of the Peace in transmitting the appeal did not appear worthy of notice.

Respondent further answering adopts the answer and argument of his co-respondents, and avers that the application for a writ of prohibition in the matter should be refused.

In view of the premises respondent prays that the application and petition of relator be refused and denied, and for general relief.

## OPINION.

Relators who were plaintiffs in the suit of Ludham & Burnham vs. Mrs. R. J. Ross and R. J. Ross, Husband, No. 3000 on the docket of the First Justice's Court of the Parish of Iberia, Sixth ward, obtained a judgment therein against the defendants on the 2nd day of January, 1900.

On the 15th of September, 1900, defendants were granted an order for a devolutive appeal on their furnishing bond "returnable to the Nineteenth Judicial District Court of the Parish of Iberia, at its next regular session; notice and citation of appeal to be served accordingly."

Bond was furnished on the 25th of September, 1900. On that day notice issued, directed to relators to the effect that the defendants had that day taken an appeal from the judgment of the 2nd January, 1900, "returnable to the Nineteenth Judicial Court for the Parish of Iberia", at its next term to be held on the 1st day of October, 1900, and citing them to appear before that court holding sessions at New Iberia, "within three days from the convening of said court at its next regular term, to begin on the 1st day of October, 1900, allowing one day extra for every ten miles distance from their residence to the court house in New Iberia".

This notice and citation were served on the 28th day of September, 1900.

The record or transcript was filed in the District Court on the 23d of October, 1900.

On October 30th, relators moved to dismiss the appeal on the grounds stated in their petition. This motion being overruled the present application was made.

The Code of Practice, Article 1129, declares in all cases brought before a Justice of the Peace in which an appeal is allowed to either party, an appeal is allowed on a verbal application therefor.

Article 1131 requires the appellant to furnish bond in appellee's favor.

Article 1134 directs that the "Justice of the Peace, after receiving the appeal and security of the appellant as provided, shall issue a citation to the appellee directing him to appear before the appellate court within three days after service of said citation by the constable, if he reside in the place, or allowing one day more for every ten miles between the place of rendering the judgment and that of the appellee's residence".

Article 1135 orders the Justice of the Peace "to transmit without delay to the office of the appellate court an exact copy certified by him, and also of the judgment, together with the statement of facts prepared by him, or agreed on by the parties, and of the citation which he has caused to issue to the appellee".

· The record shows the terms of the District Court for the Parish of Iberia to be:

"Beginning on Monday the 24th of September, and ending on the 31st of October, 1900.

"Beginning on first Monday in December, 1900, and ending on the 28th day thereof.

"Beginning on the first Monday in April, 1901, and ending on the 31st day thereof."

It is certified that the District Court opened on the 24th day of September, 1900, then adjourned to the 1st day of October, 1900, when it held daily sessions, until the 3rd day of November, 1900.

The judge *ad hoc* was of opinion that no particular time was fixed by the law, in cases of appeals from Justice Courts, for filing the record or transcript from the court below; that the Article of the Code directed simply that it should be "transmitted without delay", which he construed to mean within a reasonable time. In this particular instance the filing of the record on the 23rd of October, 1900, was deemed by him not to be too long.

We can not concur in this view. We think the filing of the transcript in the appellate court should not be later than the date fixed for the appearance of the appellee in the appellate court, at furthest within three judicial days thereafter. There is no specific declaration in Article 1135 C. P. to this effect, but in the absence of such declaration, we are authorized to have recourse to other Articles of the Code on the same subject matter.

An appellee cited into court for a particular time can not be expected to remain before the appellate court for an indefinite time to bide the pleasure or convenience of the appellant. Should there be any good reason for extending the time for filing the transcript, there would be no trouble in obtaining an extension on a proper showing. The rules of practice on this subject should be fixed and uniform throughout the State, and the rights of appellees in different parishes not left to be

tested by the views of different judges as to what constitutes "a reasonable time."

The views we here express carry with them as a logical consequence that upon failure of the appellant to file the transcript in the proper time, the appellee is entitled to have the appeal dismissed. Dwight vs. McMillan, 4 Annual, 320; McDonogh vs. DeGruys, 10 Annual, 75; Moriere vs. Robinson, 20 Annual, 229; Hudson vs. Sheriff, 47 Annual, 1534; Mutual Loan & Building Association vs. First African Baptist Church, 48 Annual, 1459; Coudroy vs. Pecot, 51 Annual, 495; Cockerham vs. Bosley, 52 Annual, 65; State of Louisiana vs. Louisiana Debenture Co., 52 Annual, 551; Moss vs. Reims, 52 Annual, 567; Gigaud vs. City of New Orleans, 52 Annual, 1259; LeBlanc vs. Lemaire, 52 Annual, 1635.

In the case at bar, neither the order nor notice of appeal nor the citation strictly followed the law, but giving the appellants the benefit of the greatest limit under either one or the other, they were in default. If the result of such default was legally to make the judgment appealed from become final, the appellate court was without power or authority to change that result.

We are of the opinion that in this case the appeal lapsed for want of timely presentation and that the motion to dismiss the appeal should not have been overruled, but should have been sustained.

For the reasons assigned: It is ordered, adjudged, and decreed that the action of the judge *ad hoc* in overruling relator's motion to dismiss the appeal referred to in relator's application herein, and in sustaining said appeal be, and the same is hereby set aside as null and void, and in violation of relator's already acquired rights in the premises.

It is further ordered that no further proceedings be taken in the matter of said appeal, other than to dismiss the same, and the judge below is hereby ordered to dismiss said appeal.