(40 South. 525.)

No. 15,939.

HYMEL v. ILLINOIS CENT. R. CO.

(Feb. 12, 1906.)

1. APPEAL—ABANDONMENT—SECOND APPEAL.

Plaintiff, after having perfected a suspensive appeal, granted him on motion in open court by executing the bond of appeal as fixed by the judge, abandoned the appeal by failing to file the transcript as required by law. He subsequently (months afterwards) obtained, on motion in open court, a devolutive appeal. The transcript of appeal, under the second order, was filed in time in the appellate court. Appellant resists the motion to dismiss the appeal on the ground that it was made too late.

2. SAME—CITATION.

The motion is well grounded. The appeal, having been abandoned, cannot be renewed. If, after obtaining an order of appeal on motion in open court, an appellant obtains a second order of appeal on motion, the appellee must be cited under the second order.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Francois Hymel against the Illinois Central Railroad Company. Judgment for defendant, and plaintiff appeals. Dismissed.

Armand Romin, for appellant. Gustave Lemle and Hunter Collins Leake (J. M. Dickinson, of counsel), for appellee.

On Motion to Dismiss.

NICHOLLS, J. The defendant and appellee has filed a motion to dismiss the appeal in this case. The grounds assigned and the authorities relied on are given below:

"First. On the 7th day of December, 1904, judgment was signed by his honor, Judge George H. Théard, judge of division E of the civil district court for the parish of Orleans, rejecting plaintiff's demand at his cost.

"On the 16th day of December, 1905, plaintiff was granted an appeal from said judgment, returnable to this honorable court the first Monday of January, 1905, on entering into bond in the sum of $50 conditioned as the law directs.

"On December 16, 1904, the appeal bond was filed, and the appeal returnable on the first Monday in January, 1905, perfected.

"Appellant having failed to file the transcript of appeal in this honorable court on the return day, the first Monday of January, 1905, in accordance with the order of appeal, or within the delays allowed by law, the transcript having only been filed in this honorable court on Thursday, December 21, 1905, be taken as an abandonment of the appeal by plaintiff and appellant, and the appeal should be dismissed. Code Prac. art. 588; Sterling v. Heirs of Sterling, 35 La. Ann. 840; State v. Debenture Co., 52 La. Ann. 551, 27 South. 87; State ex rel. Ludham v. Todd, 104 La. 246, 28 South. 886; Le Blanc v. Lemaire, 52 La. Ann. 635, 28 South. 105; Gigand v. City of New Orleans, 52 La. Ann. 1259, 27 South. 794; Moss v. Reims, 52 La. Ann. 567, 27 South. 68; Coudroy v. Pecot, 51 La. Ann. 495, 25 South. 270; Building Ass'n v. Church, 48 La. Ann. 1459, 21 South. 24; Hudson v. Garrett, 47 La. Ann. 1534, 18 South. 510; Moriere v. Robinson, 20 La. Ann. 229; McDonogh v. DeGruys, 10 La. Ann. 75; Dwight v. McMillian, 4 La. Ann. 350.

"Second. The plaintiff and appellant having abandoned the appeal taken by him on December 16, 1904, and which he perfected by filing his appeal bond on December 16, 1904, by not filing the transcript of appeal in that honorable court on the return day, the first Monday in January, 1905, due entirely to his own fault, he has no right in law to renew the appeal; therefore the second appeal granted him on December 6, 1905, returnable to this honorable court on the third Monday of December, 1905, was and is an absolute nullity, and the appeal should be dismissed.

"The law is clearly stated in Sterling v. Heirs of Sterling, 35 La. Ann. 840, to be:

" 'Where an appellant fails to file the transcript on the return day, or within the legal delays thereafter, and his appeal is dismissed because such failure is imputed to his fault, he cannot renew his appeal thereafter.

" 'The failure to seasonably file the record, without legal excuse, is an abandonment of the appeal.'

"In Ducournau v. Levistones, 4 La. Ann. 30, the court said: 'The Code of Practice is positive that, if the appellant does not file the transcript seasonably, the appeal shall be considered as abandoned, and the appellant shall not be afterwards allowed to renew it.'

"In Redmond v. Mann, 24 La. Ann. 149, it was held: 'If a suspensive appeal has been dismissed because the appellant has failed to file the record within three judicial days after the return day, he cannot afterwards be allowed to take a devolutive appeal from the same judgment.'

"In Collins v. Monticou, 9 La. Ann. 39, the facts are on all fours with the present case. A suspensive appeal was granted on the appeal of appellant, and the bond was filed the same day. It further appears that this appeal was never brought up, but that in December of the same year appellant applied for and obtained a devolutive appeal, and the court held the appeal taken (the first appeal), having been abandoned, cannot be renewed. The court cited Code Prac. art. 594, Dozer v. Sargent, 4 La. 41, and Roberts v. Benton, 1 Rob. 100, in support of this ruling.

"In Pierce v. Cushing, 33 La. Ann. 810, it was held, when an appeal was dismissed on the ground that the transcript was not filed within the legal delays, the appellant shall be considered as having abandoned his appeal, and shall not be permitted to afterwards renew it.

"In Mutual Loan & Bldg. Ass'n v. Church, 49 La. Ann. 880, 21 South. 517, the court said:

" 'The failure to file a transcript within the time prescribed by law on an appeal regularly obtained and perfected is an equivalent to an abandonment of the same, and warrants the dismissal of another and similar appeal subsequently obtained.

" 'The appeal will be dismissed where the appellant fails to prosecute previous appeal taken in the same suit.' Dozier v. Sargent, 4 La. 41.

"In all cases where appellant has been allowed to renew his appeal he has either failed to perfect his appeal by giving bond, or the appeal has been dismissed on motion of appellee, for want of sufficient bond. Roberts v. Benton, 1 Rob. 100.

"In view of the premises respondent prays that the appeal be dismissed, at plaintiff's costs."

Appellant opposes the dismissal of the appeal on the ground that the motion to dismiss was not filed in time. His counsel urges that the transcript of appeal was filed on Wednesday, December 20, 1905, and the motion to dismiss was filed on Thursday, December 26, 1905; that under the rules of the Supreme Court and the jurisprudence it should have been filed within three judicial days after December 20, 1905. That December 21st, December 22d, December 23d, were all judicial days. He refers us to paragraph 1 of rule 4 of the Supreme Court (21 South. ix). State v. Callac, 45 La. Ann. 27, 12 South. 119; Naghten v. His Wife, 48 La. Ann. 799, 19 South. 762; Building Association v. Church, 48 La. Ann. 1458, 21 South. 24.

The facts of the case are not disputed. Plaintiff's appeal under the court's first order

granting him a suspensive appeal was perfected by his executing the bond ordered by the court to be given. Notwithstanding that fact, he failed to file the transcript in the Supreme Court on the first Monday of January, 1905, the return day fixed, or three judicial days thereafter, without obtaining or applying for an extension. He assigned no reasons then, nor does he now, why the transcript was not brought up. He abandoned that appeal.

Ignoring the antecedent fact, the plaintiff, on December 6, 1905, applied for and obtained an order for a devolutive appeal from the same judgment on furnishing a bond for $50, as had before been required.

The plaintiff, after having perfected his appeal under the order of appeal granting it, abandoned the appeal. Under the circumstances disclosed by the record he was not warranted in asking, nor the district court in granting, a second order of appeal. We think that that proposition is settled by jurisprudence. Counsel of appellee in their brief refer the court to additional authorities, especially to Collins v. Monticou, 9 La. Ann. 39; Coudroy v. Pecot, 51 La. Ann. 495, 25 South. 270; and Hake v. Lee, 104 La. 146, 28 South. 1004.

The Coudroy Case differs from the present one, in that there was only one order of appeal granted therein, and the transcript was lodged in the Supreme Court under that order. The appeal was saved in the Hake Case by reason of special facts connected therewith.

There has been no citation of appeal asked for or made in the case before us. Assuming that, where a second order of appeal is permissible, the application therefor can be made by motion in open court, we think the appellee is entitled to citation under an order so obtained. The appellee urges with force that, were it otherwise, an appellee would have to be constantly on the watch for a year in order to protect his rights. We do not think he can be required to do this. De St. Avid v. Pichot, 3 La. Ann. 6; Commissioners of Exchange v. Yorke, 4 La. Ann. 138.

We think that appellee is entitled to have the appeal dismissed, and it is so ordered and decreed.