## No. 8062.

### J. D. Lobdell vs. Mrs. J. S. Clark.

Appeal dismissed because the transcript does not contain the evidence on which the case was tried below.

## No. 8042.

### R. F. Harrison vs. L. T. Murdock et als.

The sureties on the bond of an officer elected for one year, cannot be held liable for acts done by him during a year different from that covered by the bond.

## No. 7990.

### J. Kaiser vs. New Orleans.

Case identical with that of Bergen vs. City of New Orleans, recently decided and reported.

## No. 7574.

### T. P. Leathers vs. J. W. Cannon et als.

A policy of insurance issued on a steamboat to cover the losses on the entire boat, owned by several parties, for the account of present owners, loss, if any, payable to one of said owners, who contracted for the insurance, will enure to the benefit of each owner of the boat in the proportion of his virile share, although the party effecting the insurance claims that he intended to insure his share only, and for his exclusive benefit.

Having received the policies stipulating to cover the whole property, for the account of present owners without objection, and having collected the insurance money under the policies thus conditioned, he will be held to have ratified the contract as evidenced by the policies.

## No. 8810.

### W. D. Carmichael vs. J. B. Askew.

Suit on joint note of husband and wife. Exception of no cause of action against the wife maintained and no appeal taken therefrom. Plaintiff cannot complain that judgment is rendered against the husband only for his virile share.

## No. 8826.

### New Orleans vs. Factors' & Traders' Insurance Co.

The city budget for the year 1882, having been adopted in accordance with law in December, 1881, and the license tax therein levied, being within the limits prescribed by Act No. 119 of 1880, then in force as the State license law, cannot be affected by Act No. 4 of 1882, which can have no retroactive effect.

## No. 8882.

### The State vs. J. Johnson et al.

For an exceptional criminal case, this Court will *proprio motu* issue an order to the Clerk of the District Court to complete the transcript, defective by his fault.