No. 2025
Second Circuit

---

## M. BEN POSEY v. MRS. SWEETIE CALDWELL

---

(March 11, 1926, Opinion and Decree)

---

(Syllabus by the Editor.)

1. Louisiana Digest—Appeal—Par. 518.
Where the testimony offered by the parties related to certain instruments which were filed with leave to substitute copies, and the record does not contain either the originals nor the copies, defects in the record should be attributed the appellant and the appeal dismissed.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a petitory action in which the plaintiff seeks to be decreed the owner of land. There was judgment for plaintiff and defendant appealed. On motion to dismiss filed by plaintiff, appellee, appeal was dismissed because the record filed in the appellate court was incomplete.

Scheen and Blanchard, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for defendant, appellant.

WEBB, J.    This is a petitory action in which plaintiff seeks to be decreed the owner and to be placed in possession of an undivided interest in property which, he alleges, was acquired by inheritance from his mother and brother.

The defendant admitted plaintiff's allegations as to the manner in which the property was acquired, and set up the following special defences:

1. The prescription of ten years under a title alleged to have been translative of property, acquired in good faith, and possession for more than ten years.

2. A plea of estoppel, in which the defendant alleges that she had acquired the property by mesne conveyances under warranty title out of Sam. B. Posey, father of the plaintiff, and that plaintiff was bound to warrant the title of defendant.

Trial was had in the District Court and

judgment rendered in favor of plaintiff and defendant appealed.

The plaintiff has filed a motion to dismiss the appeal on the ground that defendant abandoned same by failing to file the record in this court within the time fixed by the order of appeal.

## MOTION TO DISMISS

The record shows that the judgment was signed and filed in the District Court on July 28, 1923; that an appeal was granted and made returnable September 28, 1923; and that an appeal bond thereunder was filed on July 31, 1923.

The transcript or record filed here bears the following notation: "Filed September 11, 1925, as of July 31, 1923. A. E. Ewing, Clerk Court of Appeal", which is explained as follows:

At the time the appeal was granted and until January, 1925, the Clerk of the First District Court of Caddo parish acted as the Clerk of this Court, and in his capacity as Clerk of this Court he kept a minute book in which he noted the appeals which had been granted and perfected to the extent of filing the appeal bond. On the date the appeal in this case was thus perfected, the Clerk of the District Court, acting in his capacity as Clerk of this Court, noted the appeal, and since the appointment of the present Clerk of this Court the records coming up from the First District Court of Caddo parish have been filed here as of the date shown by the notation of the Clerk of the First District Court acting as the Clerk of this Court.

We have no knowledge of what may have been the custom of the Clerk of the District Court when acting in the dual capacity as to the preparation of the record or transcript, that is, whether it was the custom to arrange the record and attach thereto the usual certificate of its completeness before or after the return day, but whatever may have been the custom the record remained in the office and custody of the Clerk of the District Court.

There was no rule of this Court requiring the Clerk of the District Court, in his capacity as Clerk of this Court, to segregate the records of causes appealed from the other records in his office, and while it may be said that this Court did not actually have the custody of the record until the record was filed by the Clerk of the District Court acting in his capacity as Clerk of this Court, it may also be said that this Court was in a manner vested with authority over those records in cases where an appeal had been perfected in the custody of its Clerk.

We cannot say that the failure to have arranged the record and to have segregated it is attributable to the appellant, and we are therefore of the opinion that the record should be considered as filed in this court as of date July 31, 1923.

The record which has been filed here is not complete, and the certificate of the Clerk of the District Court shows that it is not complete.

The testimony which was offered by the parties related to certain instruments which were filed with leave to substitute copies, and the record does not contain either the originals nor the copies, and we are of the opinion that we should not consider the case from the incomplete record.

The appellant should examine the record to ascertain whether or not it is complete, or at least the certificate of the Clerk, and we are of the opinion that such defects in the record should be attributed to the appellant and the appeal dismissed, and it is so ordered.