RICHARDSON, Appellant, v. HENDERSON SUGAR REFINERY CO.

---

(March 14, 1927. Opinion and Decree.)

---

(*Syllabus by the Court.*)

ON MOTION TO DISMISS APPEAL

1. Louisiana Digest—Appeal—Par. 474, 475, 477, 483, 518.

It is appellant's duty to lodge in the appellate court a complete and certified transcript within the legal delays and when he knowingly files an incomplete transcript and on the same day obtains an order from this court for further time to complete the transcript, but fails to do so within the extension and also fails to ask for further time, appeal will be dismissed.

Appeal from Division "E", Civil District Court. Hon. Wm. H. Byrnes, Judge.

Action by Edward Richardson against Henderson. Sugar Refinery Company.

There was judgment for defendant and plaintiff appealed.

Appeal dismissed.

Stanley McDermott, of New Orleans, attorney for plaintiff, appellant.

William H. Norman, of New Orleans, attorney for defendant, appellee.

JONES, J. On September 24th, plaintiff and appellant was granted an appeal returnable to this court on October 21, 1926, and on that day was granted, by this court, an extension until December 21, 1926, because the transcript had not been completed by the clerk below.

On December 21, 1926, an incomplete transcript was filed in this court by the apppellant and on the same day he was granted an extension until January 21st to file the missing portions.

As nothing further had been done, defendants and appellees on January 27th filed a motion in this court to dismiss the appeal on the ground that the plaintiff had failed to file in this court on or before the return day, January 21, 1927, the testimony of three witnesses, which had been omitted from the transcript when it was brought up on December 21st and had also failed to obtain a further extension of time.

Though this court is always reluctant to dismiss an appeal, it must comply with the mandates of the law when they are clear and unambiguous, and appellant has entirely failed to comply with their manifest requirements.

Both Art. 898 C. P. and Act 229 of 310 (amended by Act 265 of 1918) provide certain remedial steps for completing a transcript, but appellant by his failure to apply to this court for certiorari and to comply with the requirements of the statute has left us no alternative but to dismiss the appeal, for appellant must be clear of fault.

Posey vs. Mrs. Caldwell, 3 La. App. 553.
Hoover vs. York, 33 La. 653.
Lobdell vs. Clark, 35 La. Ann. 1200.
Selber vs. Young, 109 La. 1080, 34 So. 95.

For above reasons the appeal is dismissed.